## L. L. VAN BRUNT V. JACOB VAN BRUNT.

1. DIVORCE — *Divison of Property.* Where the parties appear to be in equal wrong, and the court refuses to grant a divorce, it has the power to direct an equal division of the property, when the wife has title to more than her share.

2. FINDING, *Sustained.* The court in this case found that the husband's property did not exceed $400 in value; that the wife's property was worth at least $14,000, and adjudged that she pay him $1,000. *Held,* Not error.

*Error from Pottawatomie District Court.*

ACTION by *L. L. Van Brunt* for a divorce. At the September term, 1889, there was a judgment for defendant, and plaintiff comes to this court. The opinion states the facts.

*R. S. Hick,* for plaintiff in error.

*Hutton & Smith,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The parties to this action were married in 1856, and were, at the time this action was tried, both over 70 years old; yet the plaintiff, in the late evening of life, has brought her suit, seeking release from the matrimonial bond entered into so long ago, charging her husband with abandonment, cruelty, and gross neglect of duty. The defendant answers with a denial of these charges, and counter charges of cruel treatment and neglect on the part of the plaintiff toward him. He also alleges that he was induced by threats and repeated importunities to deed to her the farm on which they lived, and that she thereafter abandoned him; and he asks for a divorce and decree annulling said deed, and restoring the title of the lands thereby conveyed. The court trying the case made special findings of fact, from which it appears that the parties were married, as stated, in New York, and moved to Kansas in the following year; that the plaintiff at that time had $80 in money, and the defendant a mili-

tary land warrant. The court makes a detailed finding with reference to the accumulation of property by the parties to the action, their various divisions and transfers from one to the other, and finds that, at the time of the trial, the defendant's entire property will not exceed in value $400; that the plaintiff owns the farm mentioned in defendant's answer, worth $4,000, and has other property, real, personal, and mixed, to the amount of at least $10,000; that both parties have been sometimes at fault, and have failed somewhat in their matrimonial duties; that on the 12th day of April, 1871, the defendant deeded to the plaintiff the farm for a nominal consideration of $4,000, but that in fact no consideration passed, except some notes, the amount of which the court was unable to determine. The defendant took the live stock, valued at $1,000, and the parties thereafter separated, and have never lived together since.

As conclusions of law, the court found that the abandonment was mutual; that there was cruelty, but not sufficient to warrant a divorce; that the property was unequally divided, and was all, in reality, the property of both; that the parties were in equal wrong and ought not to be divorced, but that there should be an equitable division of the property; and thereupon the court rendered a judgment in favor of the defendant for $1,000, and providing that on payment each party should possess his and her own property without the interference of the other. Of this judgment the plaintiff complains, and asks that it be reversed by this court.

The complaint is first made that the evidence fails to support the findings of the court. We have patiently examined it, and find ample testimony to support the court's conclusions of fact.

The power of the court to make an order with reference to the property of the parties is challenged. Section 643 of the code reads:

"When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce, and in any such case, or in any other case where a divorce is refused, the court

may for good cause shown make such order as may be proper for the custody, maintenance and education of. the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable, and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

This section, as above quoted, is an amendment of the General Statutes of 1868. The section as it stood prior to the amendment was as follows:

"SEC. 643. When the parties appear to be in equal wrong, the court may in its discretion refuse to grant a divorce; but in any such case, or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, or the control and disposition of the property of the parties, as may be proper."

In the case of *Snodgrass v. Snodgrass*, 40 Kas. 494, decided before the amendment of 1889 became a law, it was held that

"Where a wife wrongfully procures the title of the homestead and other property to be transferred direct from the husband to herself, and then drives him from the premises, and he afterward obtains a divorce because of her wrongs, the property should be divided equitably between the parties, and he should have a fair share of the same."

We think, under the law as it now stands, there can be no question as to the power of the court to make an equitable distribution of the property of the parties; certainly not of that which has been the result of the labors and care of both. If the wife has by any means or for any reason obtained the legal title to more than her due share of the property, we see no reason why, in case an unhappy separation takes place, as has happened in this case, the husband should not be awarded his due and fair share. We find no fault in the judgment of the court, and it is affirmed.

All the Justices concurring.