*In the matter of the Petition of* WILLIAM L. JOHNSTON *for a Writ of Habeas Corpus.*—WILLIAM L. JOHNSTON v. EVA L. JOHNSTON.

1. DIVORCE — *Alimony — Disposition of Property.* Where an action is brought for divorce and alimony, alimony may be allowed as an incident to the divorce; and where the parties are in equal wrong, and a divorce is refused, the court may make an order for the control and disposition of the property of the parties, or either of them, as may seem proper.

2. PRACTICE—*Permanent Alimony.* Where an action is brought for divorce and alimony, and upon application of the plaintiff the action for the divorce is continued for trial, it is error for the court to render judgment for permanent alimony only. In such a case, permanent alimony is an incident to the divorce, and should not be finally heard and determined, while the action for divorce is pending. The divorce and the adjustment of property interests are not to be regarded as transpiring at different times, but as contemporaneous.

*Appeal from Shawnee District Court.*

ON the 15th of March, 1894, Eva L. Johnston commenced her action against the defendant, William L. Johnston, and alleged, among other things, that

"The parties to this action are husband and wife; that they were married at Diamondville, in the state of Pennsylvania, on July 2, 1890; that the plaintiff at the present time is a resident of Shawnee county, Kansas; that she has resided in said county and state for more than one year last past; and plaintiff further says, that from the time of her marriage to the defendant she has at all times treated him in an affectionate manner, as a kind and loving wife; that the defendant, without any cause or provocation on the part of the plaintiff, has treated her with extreme cruelty; that he has sworn at and cursed her in the presence of her friends and acquaintances; that he has frequently called her a damned, dirty, Dutch bitch; that his conduct has been such that she has lost her health, and that it is impossible for her to longer live with him as his wife; and plaintiff says that the defendant, without any cause on the part of the plaintiff, did, in the month of August, 1893, commence to pay attention to a certain lewd woman by the name of Ella McFadden, and

that from that time to the present he has at divers times been guilty of committing adultery with the said woman."

The petition further alleged, among other things, that after the 10th of February, 1893, the defendant paid plaintiff $600 from moneys collected by him from an insurance association; that the defendant has collected from the Atchison, Topeka & Santa Fé Railroad Company, $5,000 by way of compensation for injuries received by him while in the employ of the company, and that, under an agreement between plaintiff and defendant, plaintiff is entitled to one-half of that amount. Plaintiff asked

"That a restraining order be granted her by the district court, restraining and enjoining the defendant from assigning, drawing, receiving, or in any way disposing of the money due to him, now in the hands of the Atchison, Topeka & Santa Fé Railroad Company, or in the hands of any other person, corporation, or firm, or in the hands of the receivers of the said railroad company, and that he be restrained from selling, transferring or disposing of any money, rights or property of any kind during the pendency of this action; that she be granted a divorce from the defendant; that the bonds of matrimony heretofore existing between the parties to this suit be dissolved; that she have and recover of and from the defendant $500 as alimony, pending the prosecution of this suit; and that she be awarded the sum of $5,000 as alimony in this action, together with attorney's fees, costs of this suit, and all other proper relief."

At the time of the filing of the petition, a restraining order against the defendant was allowed as prayed for. Personal service of summons was had on the defendant, and the restraining order, which was issued against the defendant from disposing of his property, was served at the same time. On the 25th of April, 1894, the case was called for trial, the defendant being in default. The journal entry of the trial recites that

"This cause being submitted to the court by the plaintiff and by the default of said defendant, and evidence being introduced, and the court being fully satisfied in the premises, does, on application of the plaintiff, continue said cause as to

a divorce for further hearing and determination; and upon said petition and the evidence thereunder, as for alimony, finds for the plaintiff and against the defendant."

The court rendered the following judgment:

"It is therefore ordered and decreed, that said defendant pay to this plaintiff the sum of $3,000 as her alimony, immediately, and that said plaintiff do have and recover of and from said defendant the said sum of $3,000, and costs of suit, taxed at $18.05, for which let execution issue. And it is further ordered and decreed, that if said defendant fail or neglect to pay to the plaintiff the sum of money as herein decreed, an attachment issue for said defendant, directed to the sheriff of Shawnee county, commanding him to attach the person of said defendant and bring him before this court, and that he show cause why he should not be committed for contempt. And it is further ordered, that if default be made in the payment of the sum of money provided for in this decree, and an attachment issue as herein provided, the court may, on the hearing of such attachment, make such further orders or decree herein as may at the time be proper."

On the 28th of April, 1894, upon application of the plaintiff, an attachment was issued for the defendant, requiring him to show cause why he should not be committed for contempt in failing to comply with the decree of the court rendered on the 25th day of April, 1894. Subsequently the defendant was arrested and brought into court, and on the 9th of June, 1894, the court made the following order:

"It is by the court ordered that the defendant herein appear in court on the 26th day of June, 1894, at 2 o'clock P. M., and that he give bond in the sum of $2,000, conditioned according to law, for his appearance at that time, and that said bond and sureties be approved by the clerk of this court."

On the 26th of June, 1894, the parties appeared, and, with the consent of the court, the further hearing in the case was postponed until the 3d of July, 1894. On the 2d day of July, 1894, the plaintiff appeared in court, by her attorneys, and with the consent of the court remitted $1,000 of the judgment for alimony rendered on April 25, 1894. On the

3d day of July, 1894, the court found the defendant guilty of contempt "for failing, refusing and neglecting to comply with the order of the court made on the 25th of April, 1894." Thereupon the court directed that the defendant be committed to the jail of Shawnee county until he comply with the order made on the 25th of April, 1894, as modified on the 2d of July, 1894. Subsequently, motions were filed by the defendant for vacating the decree of the court allowing alimony to the plaintiff, and also for a new trial. Upon the hearing of these motions, defendant claimed that he employed an attorney to attend to his case and that the attorney had neglected to do so. On July 13, 1894, the defendant filed his answer to the plaintiff's petition, containing a general denial. The case is still pending in the district court upon the pleading so filed. The defendant appeals to this court. He has also filed his petition in error, and, by agreement of the parties, both cases were considered together.

*Waggener, Martin & Orr*, and *W. P. Waggener*, for appellant.

*Edwin A. Austin*, and *H. L. Armstrong*, for appellee.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Eva L. Johnston against William L. Johnston for divorce and alimony. When the case was called for trial, on application of the plaintiff, the action, so far as it sought a divorce from the defendant, was continued for trial, and the case for divorce is still pending, upon the petition and answer; but the court proceeded, in the absence of the defendant, to hear the case for alimony only, and rendered judgment against the defendant and in favor of the plaintiff for $3,000, with costs taxed at $18.05, and directed execution. The judgment was not only a personal one against the defendant, which he was required to pay immediately, but subsequently he was arrested and imprisoned for failing to pay the same. The judgment cannot be regarded as having been rendered for temporary

alimony or the expenses of the suit. In the petition, $500 only was asked for alimony, *pendente lite.* To the suggestion that the judgment is not a final order, it is sufficient to remark, that after it was rendered the defendant had no alternative but immediate payment, imprisonment, or appeal. It will not avail him, so far as this judgment is concerned, if the court makes "a further order or decree" in the case, if execution may issue and he shall be imprisoned. If this judgment cannot be reviewed, then any judgment rendered upon the merits of a case, and committing a defendant to jail until he pays the amount thereof, is conclusive, and beyond the review of the appellate courts, until it is satisfied by payment or imprisonment. (Civil Code, §§ 542, 543.)

Upon the petition, if the whole case had been regularly tried upon its merits, permanent alimony might have been allowed as an incident to the divorce, or if, upon the trial, the parties appeared to be in equal wrong, the court might, for good cause, have made an equitable order for the control and disposition of the property. (Civil Code, §§ 639, 646; *Birdzell v. Birdzell,* 33 Kas. 433; *Busenbark v. Busenbark,* 33 id. 572.)

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable." (Civil Code, § 646.)

Alimony may be allowed in a separate action without a divorce. (Civil Code, § 649; *Jenness v. Cutler,* 12 Kas. 517; *Somers v. Somers,* 39 id. 132.) But this action was not brought under § 649, and, when the case was tried and determined, the petition was not reframed under that section, nor was the action for divorce dismissed; that is still pending for trial. When the case was called for trial, under the allegations of the petition, alimony was only an incident to a divorce. The principal cause of action was continued, and the incident

tried and determined.    As was observed by Mr. Justice
BREWER, speaking for the court, in *Brandon v. Brandon,*
14 Kas. 342 :. "The divorce, and the adjustment of property
interests, are not to be regarded as transpiring at different
times, but as cotemporaneous." (See, also, *Damon v. Da-
mon,* 28 Wis. 514 ; *Clark v. Burke,* 27 N. W. Rep. [Wis.] 22.)

In this case, before the divorce was granted, and while the
action for divorce was pending, an adjustment of the property
interests of the parties was decreed.   The petition for the
divorce and the answer have not yet been disposed of.    The
issues thereon are for trial.    The court committed error in
continuing, at the instance of the plaintiff, the action for
divorce, and then proceeding to hear and determine the
amount of permanent alimony.    Upon the pleadings, the
question of permanent alimony should have been deferred
until the divorce had been granted or refused. (Civil Code,
§§ 643, 646.)

The suggestion that the judgment for permanent alimony
cannot be reviewed, because, owing to the absence of the de-
fendant and his attorney at the trial, no exception was taken,
is without force.    The error complained of is apparent upon
the record and may be examined.    (*Koehler v. Ball,* 2 Kas.
160; *Lender v. Caldwell,* 4 id. 339; *Wilson v. Fuller,* 9 id.
176; *Wood v. Nicolson,* 43 id. 461.)

The judgment of the district court will be reversed.    The
defendant will be discharged, and the cause remanded for
further proceedings in accordance with the views herein ex-
pressed.

All the Justices concurring.