### LELA Z. RAPER v. WILLIAM B. RAPER.

#### No. 10294.

DIVORCE DENIED — *court may decree equitable division of property, regardless of which party holds the title.* In an action for divorce, the court found both parties guilty of wrongdoing and refused a divorce to either. It was also found that there was no probability that the parties would ever live together, and, further, that the wife held the title to all the real and personal property accumulated by the contributions and labor of both parties. The court, thereupon, under section 643 of the Civil Code, proceeded to make what appears from the facts to be an equitable division and disposition of the property, decreeing a tract of real estate to the husband. *Held*, that the law authorizes such division and disposition of the property as was made.

Error from Shawnee District Court. Hon. Chas. M. Spencer, Judge *pro tem.* Opinion filed October 9, 1897. *Affirmed.*

*Wm. R. Hazen*, for plaintiff in error.

*S. B. Isenhart* and *J. S. Ensminger*, for defendant in error.

JOHNSTON, J. This action was brought by William B. Raper against his wife, Lela Z. Raper, asking for a divorce and for a division of the property alleged to have been accumulated by the joint contributions and labor of both parties, the title to all of which was in the name of the wife. As grounds for divorce, he alleged that she had been guilty of extreme cruelty and gross neglect of duty. In her answer and cross-petition, the wife denied the grounds laid for divorce, and alleged that her husband had been guilty of extreme cruelty and gross neglect of duty; and she further averred that he had contributed but little, if any, to the property which she owned. At the trial there was much testimony offered as to the conduct of the parties toward each other and as to the manner in which the property held by them had been acquired. Upon this testimony the court refused to grant either of the parties a divorce; but held that, under the circumstances of the case, there should be an equitable division of the property, and that the care and custody of the minor children should be given to Lela Z. Raper. She complains of the ruling refusing her application for a divorce, and also of the decision dividing the property. None of the testimony is embraced in the record which she brings; but the findings of fact, stated in great detail and fullness, are included, and on these error is predicated.

We have no difficulty in arriving at the conclusion that the facts justified the refusal of a divorce; and it cannot be said that the property was inequitably divided, if the law warrants a division of property where

a divorce is refused. The title to all the property accumulated by the contributions and efforts of both parties was held in the name of the wife. It is true that she owned much the larger share at the time of their marriage in 1878, but he contributed a share of the capital invested, and, for about sixteen years, worked on the farm, taking care of the stock thereon, and doing such work as is usually done by farmers under similar circumstances. The trial court found that "in this manner the work and labor of said plaintiff contributed materially, not only to the carrying on of the farm, stock and butter business, and the making of a living for the family, but also to the cultivation and improvement of the land, to the payment of the taxes and interest thereon, and to its preservation from mortgage and sale." They had considerable personal property and about 440 acres of land, together with some improved lots in or near Topeka. Most of the property was incumbered to some extent, and out of this the court awarded the husband 120 acres of land, which is subject to an incumbrance of more than one thousand dollars.

Looking at the ages and conditions of the parties, and all the circumstances of the case as disclosed in the findings of fact, we incline to the opinion that the court acted justly and equitably in the division that was made.

The contention that the court was without power to make a division and disposition of the property cannot be sustained. That such power exists and may be exercised under section 643 of the Code, is now well established. Whenever a divorce is refused because the parties are in equal wrong, or for any other cause, the court may provide for the custody, maintenance and education of the children, and may also make an equitable division and disposition of the

property of the parties, or of either of them, whether the title thereto be in either or both of the parties. As will be seen, the statute makes no distinction between real and personal property. The language employed is broad and general, including all kinds of property which may be the subject of ownership, and authorizing a division and distribution of the property, without regard to where the legal title rests. When the statutory conditions exist which authorize a division and disposition of the property, and one of the parties holds title to more than his or her share, the court is warranted in making an equitable distribution, having due regard to the time and manner of acquiring such property. The conditions authorizing a division appear to exist in the present case, as the findings disclose that both parties were guilty of wrongdoing, and further, that there is no probability that they "can or ever will live together as husband and wife." In such a case, under the repeated decisions of this court, an equitable division and disposition of the property was authorized. *VanBrunt v. VanBrunt*, 52 Kan. 380 ; *In re Johnston*, 54 id. 726 ; *Johnson v. Johnson*, 57 id. 343. See, also, *Snodgrass v. Snodgrass*, 40 id. 494 ; *Busenbark v. Busenbark*, 33 id. 572.

The land awarded to the husband is no part of the homestead, and hence the homestead questions suggested by counsel are not involved in the present case. The division of the property is certainly complete as between husband and wife, and the rules applicable to any subsequent conveyance of the land awarded to him or the inheritance of the same, cannot be made a subject of controversy in the present case.

The judgment of the District Court will be affirmed.