## BUFFALO v. LETSON.

No. 1922.    Opinion Filed June 25, 1912.

(124 Pac. 968.)

1.  **DIVORCE—Alimony—Conveyance to Defeat.** Under sections 906 and 2774, Wilson's Rev. & Ann. St. 1903 (sections 1213 and 2932, Comp. Laws 1909), a conveyance of real estate made in bad faith or for the purpose of hindering, delaying, or defrauding any creditor or other person is void as against all persons to whom the maker is at the time indebted, or under any legal liability, and, where a husband against whom there is pending a suit for divorce transfers real estate to a party who takes the same with full knowledge of the rights of the wife and for the purpose and intent of taking from her any right of alimony therein, the transfer is void.

2.  **SAME—Rights of Parties—Injunction.** Where an execution issued on the judgment of a divorced wife is levied upon real estate, the title to which was previously vested in the husband, and which was fraudulently transferred for the purpose of defeating her rights therein, and an injunction is brought to re-

strain the sale thereof, the question of the good faith of the conveyance may be determined in the said injunction suit.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*John J. Shea, Judge.*

Action by W. A. Letson against Olive A. Buffalo. Judgment for plaintiff. Defendant brings error. Reversed and remanded,. with instructions.

*Norman Barker,* for plaintiff in error.

*Fred B. Woodward* and *B. A. Lewis,* for defendant in error..

DUNN, J. This case presents error from the district court of Washington county, and is an action brought by defendant in error to enjoin the sale of certain land on an execution issued on a judgment and decree for alimony, procured by plaintiff in error November 4, 1909, against Thomas Buffalo, her husband. Eliminating the portions not necessary to be considered herein, plaintiff's petition alleges that he is now and was at the time thereafter set forth, and since the 4th day of June, 1908, the owner in fee simple of a certain tract of land, being that upon which the execution was levied. He states that on the 4th day of June, 1908, he purchased the same from Thomas Buffalo, and that he paid therefor a good and sufficient consideration, and received a warranty deed; that on the 25th day of July, 1908, Olive A. Buffalo filed a petition in the district court of Washington county for a divorce from the said Thomas Buffalo, and on November 4, 1908, a decree and judgment was rendered giving to plaintiff $2,500 as alimony; that execution issued against the defendant for the whole of the said sum, and that the sheriff of Washington county made a levy upon the lands which had been previously transferred by the said defendant to the said W. A. Letson, and that the same were advertised to be sold by him on the 16th day of March, 1909, and that the sheriff was about to and' would sell the above-described land unless restrained by order of the court. To the said petition defendant filed answer, in which she, among other things, averred that the plaintiff Letson, "for the

purpose and intent of taking away from her and her said two small children her right of alimony therein, and with knowledge of and concerning the pendency of this action and in violation of the law, wrongfully and collusively and for the purpose of divesting this court of its jurisdiction thereof, and for an inadequate and insufficient consideration, bought or pretended to buy the said property herein above mentioned from the said Thomas Buffalo, all of which proceedings were wholly without the knowledge or consent of this defendant." It also appeared that her action for divorce was filed June 21, 1907, service in which was had July 10, 1907, and the same was pending when the deed was made. To the said answer the said plaintiff filed a general demurrer, which was by the court sustained and to which exception was duly saved. From a judgment making the temporary injunction issued permanent, the said Olive A. Buffalo has duly lodged the case in this court.

Two questions are presented for our consideration: First. Are the averments of the said answer which we have noted sufficient to entitle defendant to the relief which she demands? Second. May the issue presented be tried in this character of an action? To both of these in our judgment an answer in the affirmative is demanded.

Section 906, Wilson's Rev. & Ann. St. 1903 (section 1213, Comp. Laws 1909), provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

Section 2774, Wilson's Rev. & Ann. St. 1903 (section 2932, Comp. Laws 1909), provides:

"Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands is void against all creditors of the debtor, and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

In our judgment either of these sections of the statute is sufficiently broad under the averments of this answer to nullify the transfer made of this property. That a wife with a decree for alimony in her behalf is entitled to avail herself thereof was decided by the Supreme Court of the Territory of Oklahoma in the case of *Bennett v. Bennett*, 15 Okla. 286, 81 Pac. 632, 70 L. R. A. 864. In the discussion of that case the court said:

"In the case of *Small v. Small* [56 Kan. 1] 42 Pac. 323 [30 L. R. A. 243, 54 Am. St. Rep. 581], a decision rendered by the Supreme Court of Kansas and a decision which is cited with approval by our own Supreme Court in the case of *Farrell v. Puthoff*, 13 Okla. 164 [74 Pac. 96], the Supreme Court of Kansas says: 'There is no reason why a wife whose husband has deserted her, and refused to perform the duty of maintenance, or who, by cruel treatment, has compelled her to leave his house and commence proceedings for divorce and maintenance, should not be viewed as a quasi creditor in relation to the alimony which the law awards her. So long as she is receiving maintenance, and is under his wing, as it were, she is bound by his acts as to his personal estate; but, when she is compelled to become a suitor for her rights, her relation becomes adverse, and that of a creditor in fact, and she is not to be balked of her dues by his fraud.' Section 2774, Wilson's Rev. & Ann. St. 1903, provides: 'Every transfer of property, or charge thereon made, every obligation incurred, and every judicial proceeding taken with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor.' Now if the wife, technically speaking, is not a creditor, she is included in the term 'other person,' in the statute regarding fraudulent conveyances; and when the husband, by cruel treatment, compels the wife to leave him, and bring action for divorce and alimony, she is a quasi creditor in relation to the alimony which the law awards her. *Tyler v. Tyler* (126 Ill. 525) 21 N. E. 616 (9 Am. St. Rep. 642); *Small v. Small* (56 Kan. 1) 42 Pac. 323 (30 L. R. A. 243, 54 Am. St. Rep. 581); *Farrell v. Puthoff*, 13 Okla. 159 (74 Pac. 96)."

While the question of *lis pendens* has been raised and discussed by counsel for the different parties herein, it is not essential that we predicate our conclusion upon the ground that the petition of plaintiff in the divorce action was sufficient to give to this plaintiff such notice. On this question see *Wilkison v. Elliott et al.*, 43 Kan. 590, 23 Pac. 614, 19 Am. St. Rep. 158.

The averments of the answer are that this grantee with full knowledge of the defendant's rights, and for the purpose and with the intent of taking away from her and her two small children her right of alimony therein, and with knowledge of and concerning the pendency of the action, collusively and for the purpose of divesting the court of its jurisdiction bought or pretended to buy the said property. The establishment of these facts will defeat this conveyance, without reference to whether the petition of plaintiff in the divorce action gave notice or not. In support of this proposition, see, also, 1 Moore on Fraudulent Conveyances, p. 202, and authorities cited under note 58; 2 Bigelow on Fraudulent Conveyances, pp. 170, 171.

As to the question of whether under the issues made by the petition and answer the right of the grantee to the land can be tried in this action, it is said in 2 Moore on Fraudulent Conveyances, at page 748, that:

"Where a creditor is allowed to seize property fraudulently conveyed and the sheriff or other officer has taken it under process duly issued, they have a right to show, in defense to an action for ejectment, replevin, trespass, trover, or other proceedings, brought by the grantee against the creditor, or against the officer making the levy, to compel the restoration of the property or recover damages for the seizure, that the title of the plaintiff, claiming under a conveyance or transfer from the grantor, is fraudulent as against the creditors of the grantor."

Also, this same general rule is stated in 20 Cyc. p. 656, as follows:

"The title, for the purpose of enabling creditors to enforce their debts against the property conveyed, still remains in the grantor, just as though the conveyance had not been made. A direct action to set aside the conveyance is not required."

See cases cited under note 88.

Under these circumstances, the judgment of the trial court is reversed, and the cause remanded, with instructions to require plaintiff to reply and take such proceedings in the cause not inconsistent with this opinion as may be just and proper.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; HAYES, J., absent, and not participating.