## PRIVETT v. PRIVETT.

No. 12503—Opinion Filed Nov. 6, 1923.

### 1. Divorce—Refusal of Divorce — Division of Property.

Where, in an action by a husband against the wife to obtain a divorce and a division of the property accumulated during the marriage, such divorce is refused, the court has jurisdiction under the provisions of section 505. Rev. Laws 1910, to make such order as may be proper for the equitable division of the property then owned by them, taking into consideration the time and manner of its acquisition, and when such order is made it is final as between the parties.

### 2. Same—Appeal—Judgment.

On appeal from a judgment of the district court in a divorce proceedings, the Supreme Court will review all of the evidence and cause such a judgment to be entered as may seem just and equitable, having due regard to the property rights of each of the parties.

### 3. Same—Modification of Judgment.

Record examined, and held, that the judgment of the trial court should be modified and affirmed, and ordered that the cause be remanded with directions.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by Mary E. Privett against Walter J. Privett for divorce, division of property, and alimony. Judgment for plaintiff. Defendant brings error. Modified and affirmed.

J. B. Drennan, for plaintiff in error.

Sam P. Ridings and E. H. Breeden, for defendant in error.

Opinion by DICKSON, C. On the 3rd day of March, 1921, the plaintiff in error, Mary E. Privett, commenced her action in the district court of Grant county, against the defendant in error, Walter J. Privett, for a divorce, a division of certain property, alleged to have been accumulated by the joint industry of the parties, and alimony.

The parties will be referred to hereafter as plaintiff and defendant, as they were designated in the trial court. The cause for divorce set out in the plaintiff's petition was abandonment. The defendant denied generally the allegations contained in the petition, and further answered, that in a former suit between the plaintiff and defendant, the property rights of the parties in and to the property mentioned in the plaintiff's petition had been adjudicated, and set up a judgment and decree of the district court of Grant county, Okla., of February 10, 1915, the material parts of which are as follows:

"And thereupon the plaintiff introduced his testimony and rests his case, and thereupon the defendant introduced her testimony and rests her case, and both parties having rested their case, and after argument of counsel and the court being sufficiently advised in the premises does find: That the decree for divorce as asked for by the plaintiff in his petition should be denied but that the settlement of the property rights by the court are continued until tomorrow, February 10, 1915.

"And now, to wit, on the 10th day of February, 1915, same being one of the regular

judicial days of the adjourned term of the January, 1915, term of said court, plaintiff and defendant both being present and by their respective counsel as on the day previous, the court does hereby order the following settlement of the property rights between the plaintiff and defendant herein:

"The court finds that the plaintiff W. J. Privett is entitled out of the properties now in the name of the defendant Mary E. Privett the following described real estate in his own right and the same is decreed to him in fee simple as follows:

"The southwest quarter of section twenty-one (21 township twenty-eight (28) north and range six (6) west I. M. Grant county, Oklahoma, subject to a mortgage of $1,200, and,

"The northeast quarter of section twenty-one (21) township twenty-eight (28) north and range six (6) west I. M., Grant county, Oklahoma, subject to a mortgage of $1,500.

"The court finds that the above described real estate, together with a Ford automobile now belonging to the plaintiff, together with his personal effects, shall be the sole property of the said plaintiff W. J. Privett without any constraint or control of the said defendant in anywise whatsoever.

"And the said defendant Mary E. Privett is given as her share of the property the following described real estate free and clear of any restraint or control of the plaintiff herein:

"Lots four (4) and five (5) and the south half of lot three (3) in block seven (7) West addition to the town of Medford, Grant county, Oklahoma, and the southeast quarter of section twenty-one (21), township twenty-eight (28) north, and range six (6) west I. M., Grant county, Oklahoma, together with all of the household goods now belonging to the plaintiff and defendant save and except the personal effects of said plaintiff, and the said defendant is further given the sum of $1,000 as alimony against the plaintiff herein and the said $1,000 is made a lien subject to the prior and existing mortgages on the said southwest quarter section 21, township 28, range 6 W I. M., Grant county, Oklahoma, and that said sum of $1,000 shall be paid by the plaintiff to the defendant within six months from the date hereof, or an order of sale shall issue against the above described real estate, decreed to the plaintiff to satisfy said lien. And the court further finds that the plaintiff shall pay the cost of this action."

This decree was entered in a suit wherein the defendant, Walter J. Privett, was plaintiff, and the plaintiff, Mary E. Privett, was defendant, and after a full trial under the provisions of section 505, Comp. Stat. 1921, which is as follows:

"When the parties appear to be in equal wrong the court may in its discretion refuse to grant a divorce, and in any such case or in any other case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

The petition of the plaintiff, Walter J. Privett, upon which the decree of 1915 was rendered, alleged that all of the property then owned by the plaintiff and defendant had been accumulated since the marriage, except $2,000, which belonged to the plaintiff at the time of the marriage, and the south half of the southeast quarter of section twenty-one (21), township twenty-eight (28) north of range six (6) W. I. M., Grant county. Okla., which was deeded to the plaintiff in the instant case, Mary E. Privett, by her father about the year 1900, and was a gift, and it appears was worth about $600 at the time it was conveyed to her.

On the trial of the present case, the court ignored the decree of 1915, and entered a decree vesting in the parties the identical property vested in them by the decree of 1915, and in addition allowed the plaintiff, Mary E. Privett, permanent alimony in the sum of $2,600.

The defendant has perfected his appeal to this court and insists that the trial court erred in not treating the decree of 1915 as final as to the property disposed of by said decree, and, second, that the award of alimony is excessive, and not supported by the evidence.

There can be no question as to the power and jurisdiction of the district court under the section above referred to, in a suit for divorce, where the divorce is denied, to make such an order as may be proper for the equitable division of the property owned by the parties, taking into consideration the time and manner of its acquisition, and when this is done, the decree is final and conclusive between the parties. Davis, v. Davis, 61 Okla. 275, 161 Pac. 190; Van Brunt v. Van Brunt, 52 Kan. 380, 34 Pac. 1117; Johnston v. Johnston, 54 Kan. 726, 69 Pac. 725; Raper v. Raper, 58 Kan. 590, 50 Pac. 502.

And where such decree is entered, as in the present case, every fact, as to the acquisition and value of the property dealt with by said decree, is settled and concluded between the parties precisely the same as any other judgment or decree.

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction upon the same or a different cause of action." Woodworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224; 23 Cyc. 1215.

While the decree of 1915 finally disposed of the property rights of the parties in the property disposed of, by said decree, it did not dissolve the marital relation, and the court had a right, as an incident of the present divorce suit, to allow such alimony as the circumstances of the parties would justify, and to that end it was proper to ascertain the present value of all the property belonging to either of the parties, however acquired.

There is very little controversy in this record as to the facts. The parties were married in 1891. No children were born of the marriage. No property worth mentioning has been acquired by the defendant since the decree of 1915. The defendant had $2,000 at the time of the marriage. The plaintiff received, by way of gift from her father, 80 acres of land, which was at the time of the value of about $600. All of the other property was acquired by the joint industry of the parties during the marriage.

The parties have held and enjoyed the property decreed to them in 1915 separately. At the time of the present trial the plaintiff had the farm vested in her by the former decree, found by the court to be of the value of $8,000, and also the town property found to be of the value of $2,000, and in addition to this, she owned all of the household goods, and had exacted and collected the $1,000 awarded her by said former decree. She had some money loaned out, some money in the bank, and some invested in a government bond, the amount of which is not disclosed by the evidence, and appears to have lived comfortably upon the income of this property and separate and apart from her husband ever since 1915.

Upon the present trial the court found that the real estate set over to the defendant in this case, by the decree of 1915, was of the value of $14,000, subject to incumbrances amounting to $3,850. The defendant also owned $1,700 or $1,800 worth of personal property, subject to incumbrances amounting to $1,600. No indignities or wrongdoing is charged against the defendant, and it appears that the plaintiff is fully capable of managing her property and taking care of her business interests.

The theory of the plaintiff, as presented in the brief is, that the $1,000 awarded by the court in 1915 should not be considered, for the reason that it is named in said decree as alimony, and that the provisions of section 505 do not authorize the court to grant alimony. This is true, but no appeal was taken, and the plaintiff collected the amount from the defendant, and it is immaterial what it was called, the effect was to take $1,000 from the defendant and give it to the plaintiff. It is also contended that inasmuch as the plaintiff received 80 acres of land by way of gift from her father, and the trial court found it to be of the value of $4,000 at the time of the trial, that this should be treated as her absolute property, and should not be considered in determining her right to additional alimony.

We are not impressed with this contention. The defendant might with equal force insist that, inasmuch as he owned $2,000 at the time of the marriage, he is entitled to deduct that amount together with reasonable interest from the partnership estate before making the division.

In a case of this kind, it is the duty of the court to ascertain the situation of the parties, and to grant alimony, if at all, in such amount as the wife's necessities require, and based upon the husband's ability to pay.

"Where a divorce is granted the wife by reason of the fault of the husband, the allowance of permanent alimony rests in the sound judicial discretion of the trial court, and is to be exercised with reference to established principles, and on a view of all the circumstances, such as the husband's estate and ability, at the time the divorce is granted, the wife's condition and means, and the conduct of the parties." Hildebrand v. Hildebrand, 41 Okla. 306, 137 Pac. 711.

"And when it appears that she has sufficient means or separate property to support herself in that position in society to which she is accustomed the court, as a rule, will not be justified in making her an allowance as alimony." 2 A. & E. Ency. Law (2nd Ed.) 125.

We have carefully examined the entire record and we believe that the allowance of $2,600 as alimony in this case was excessive and unwarranted, and the decree should be modified in that respect.

It follows that the decree appealed from should be modified by striking therefrom

that .portion providing for the payment of $2,600 alimony, and that said decree, so modified, should be affirmed.

By the Court: It is so ordered.