## BARKER v. BARKER.

No. 12827—Opinion Filed Jan. 29, 1924.

Rehearing Denied Oct. 7, 1924.

Second Rehearing Denied Jan. 7, 1925.

**1. Divorce—Refusal — Decree as to Property and Children.**

In a proceeding between a husband and wife, where no divorce is granted to either party, the court has authority and jurisdiction under section 505, Comp. Stat. 1921, to enter such order and decree for the custody and maintenance of the children, and for the control and equitable division of the property of the parties as may be proper, equitable, and just, having due regard to the time and manner of acquiring such property, whether the title be in either or both of such parties.

**2. Same—Division of Real Estate.**

In such a case, where a divorce is not granted, and it appears from the evidence that there is no likelihood of the parties ever resuming the relation of husband and wife, it becomes the duty of the court to make such order as is necessary for the maintenance and eduction of the children, and a just division of the property of the parties, and where it appears that the real estate of the parties is held by them jointly, the court may make an equitable division thereof, in kind, vesting absolute title in each of the parties to that portion of the real estate decreed to such party.

**3. Same—Affirmance.**

Record examined, and held, that there appears to be no error therein prejudicial to the rights of the plaintiff in error sufficient to require reversal of the judgment appealed from, and the judgment should be affirmed.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Comanche County; Cham Jones, Judge.

Action brought by Mack Barker for an equitable division of property. Judgment for plaintiff, and defendant appeals. Affirmed.

C. R. Reeves, for plaintiff in error.

J. F. Thomas, for defendant in error.

Opinion by DICKSON, C. This is an appeal from the decree of the district court of Comanche county, entered on the 18th day of February, 1921, making an equitable division of certain real estate and personal property between the plaintiff and defendant. The parties will be referred to in this opinion as plaintiff and defendant, as they were designated in the trial court.

The facts necessary to an understanding of the case are as follows: The plaintiff and defendant were married in 1908. No children were born of the marriage, but they adopted a child, who was ten years of age at the date of the trial. At the time of the marriage the plaintiff had $200 in cash and owned an equity in lots 7 and 8 in block 57 in the city of Lawton, of the value of $1,200. The defendant at the time of the marriage was the owner of an equity in 160 acres of land in western Kansas, which equity was of the value of $1,300. The parties have lived at Lawton ever since the marriage. It appears that shortly after the marriage the indebtedness was paid off on lots 7 and 8 in block 57, (and the title to said property was taken in the name of plaintiff and defendant jointly.) The lots were improved with the earnings of this plaintiff, and at the time of the trial were of the value of $3,800. A few years after the marriage the defendant sold her land in western Kansas, and it appears realized $1,200 or $1,300 therefor, over and above the expense of the sale. They then purchased lot 13 in block 17 in the city of Lawton, the purchase price being $1,600, and $1,050 of the purchase price of this lot was furnished by the defendant out of the proceeds of the sale of the Kansas land. The title to this lot was taken in the name of the plaintiff and defendant jointly. Several hundred dollars were paid out in improving this property, and later on the defendant inherited $1,600, $1,000 of which she invested in oil stock, which afterwards proved to be worthless, the $600 remaining of the inheritance was used for the family and the improvement of the real estate. In addition to the real estate the evidence shows the parties had accumulated $700 worth of personal property, and this seems to be all the property owned by the parties at the time of the separation in August, 1920.

The court entered a decree vesting in the defendant lots 7 and 8 in block 57, and all of the personal property, the total value of the property set over to the defendant being $4,500. The decree vested in the plaintiff lot 13 in block 17 of the value of $2,500. And it appears that, in addition to this, the plaintiff was possessed of $600 in cash which he had earned after the separation, and this he was allowed to retain. The court further decreed that the plaintiff pay

to the defendant $17 a month for the maintenance and support of said adopted child.

The defendant has appealed the case to this court, and assigns as error:

"(1) That the judgment entered in said cause is contrary to and not sustained by the evidence.

"(2) That the judgment is contrary to law."

The evidence shows that the parties were hopelessly estranged, and that there is no probability that they will ever hereafter live together as husband and wife. No question as to the sufficiency of the pleadings is presented. Both parties prayed for an equitable division of the property.

We have carefully examined the entire record and are satisfied that the defendant received all that she was equitably entitled to by this decree. It is true that she brought several hundred dollars more to the marriage partnership than the plaintiff; but, on the other hand, it appears that the plaintiff was industrious and frugal, and during the years they lived together earned good wages, all of which was expended in the support of the family and in improving said real estate.

Under the second assignment, it is seriously contended that, inasmuch as lot 13 in block 17 was paid for largely out of the separate estate of the defendant, the court erred in vesting the title to this property in the plaintiff. We think the evidence in this case conclusively shows that the plaintiff and defendant were the owners of all the real estate involved as tenants in common.

It appears that this was the understanding between the parties prior to their separation. It is certain that all of the earnings and separate property of both of the parties had been merged in the real estate and held by them jointly at the time of the trial. Under these circumstances, it is the duty of the trial court to "make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties." Section 505, Comp. Stat. 1921; Davis m. Davis, 61 Okla. 275, 161 Pac. 190; Raper v. Raper (Kan.) 50 Pac. 502; Putnam v. Putnam (Kan.) 177 Pac. 838.

It is true that where property is paid for by one person and the title taken in the name of another, the holder of the legal title will be declared to be a trustee, but this doctrine does not apply in divorce proceedings. Even where a divorce is granted the court may make such disposition of the property as it deems just and equitable by a division of the property in kind. Comp. Stat. 1921, section 508. In Raper v. Raper, supra, real estate that belonged to the wife at the time of the marriage was awarded to the husband in making a property division, and in answer to the contention made by the defendant in this case the Supreme Court of Kansas says:

"The contention that the court was without power to make a division and disposition of the property cannot be sustained. That such power exists, and may be exercised under section 643 of the Code, is now well established. Whenever a divorce is refused because the parties are in equal wrong, or for any other cause, the court may provide for the custody, maintenance, and education of the children, and may also make an equitable division and disposition of the property of both the parties, or of either or both of them, whether the title thereto be in either or both of the parties. As will be seen, the statute makes no distinction between real and personal property. The language employed is broad and general, including all kinds of property which may be the subject of ownership, and authorizing a division and distribution of the property, without regard to where the legal title rests." Raper v. Raper, 50 Pac. 502.

Section 643 of the Civil Code of Kansas is identical with section 505, Comp. Stat. 1921. The separate property of both plaintiff and defendant, as well as their joint earnings since their marriage, was merged into the real estate disposed of by the decree appealed from, and under the provisions of said section 505, supra, the court had authority to make such division "whether the title thereto was in either or both of the parties."

We therefore recommend that the decree appealed from be affirmed.

By the Court: It is so ordered.