TURLINGTON v. TURLINGTON.

No. 29865. May 13, 1941.

Rehearing Denied Sept. 23, 1941.

*117 P. 2d 527.*

George C. Crump and H. W. Carver, both of Wewoka, for plaintiff in error.

W. W. Pryor, Hugh M. Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for defendant in error.

PER CURIAM. This is an appeal from an order granting a divorce on the cross-petition of the defendant below. The parties will be referred to as they appeared in the trial court.

The trial court held that a prior proceeding commenced and prosecuted in the superior court of Seminole county was final as to the property rights and refused to consider or adjudicate the property rights as between the plaintiff and the defendant.

The plaintiff has appealed and has raised two propositions: (1) He alleged that the divorce granted the defendant is void as being beyond the jurisdiction of the court; (2) he asserts that the court erred in refusing to consider and adjudicate the property rights of the parties.

The record discloses that M. M. Turlington commenced a proceeding in the district court of Seminole county to obtain a divorce by filing his petition on November 5, 1938. The defendant filed an answer and cross-petition seeking a divorce, and upon a trial on the 26th day of September, 1939, the court entered its decree finding that the plaintiff was not entitled to a divorce and granted the defendant a divorce on her answer and cross-petition. It refused to consider and adjust the property rights. In refusing to consider the property rights the court received in evidence all of the proceedings in an action commenced by M. M. Turlington against Lula J. Turlington in the superior court of Seminole county by the filing of a petition on the 11th day of September, 1935, culminating in a decree denying the plaintiff a divorce.

Plaintiff first alleges that the divorce granted the defendant is void and can be attacked at any time, and cites in support thereof Le Clair v. Calls Him, 106 Okla. 247, 233 P. 1087. We think that case and related authorities clearly distinguishable from the case at bar. Here the answer and cross-petition fairly and reasonably alleges abandonment and gross neglect of duty. The plaintiff was present in court and not only made no jurisdictional attack upon the answer and cross-petition, but entered his reply denying specifically the allegations of said answer and cross-petition. He asked for a divorce, and his counsel stated in open court that he didn't care who got the divorce. His counsel took the position at the hearing on the present proceedings that the court had the power to grant a divorce and to adjust the property rights, while it was the position of the defendant that, although the question of a divorce was before the court, the property rights had already been adjusted. We hold that the court had jurisdiction of the parties and the subject matter and the decree of divorce was not outside the issues as presented, and that, since no appeal was taken within four months, the error, if any, in granting the divorce is not presented. Allred v. Allred, 131 Okla. 55, 267 P. 842.

Finally, it is argued that the court committed error in refusing to adjudicate the property rights. Clearly, the court held that the court in the case of Turlington v. Turlington, adjudicated in

1936, finally adjudicated the property rights. This decree of the superior court is unique in two respects: (1) It denied any divorce; (2) it purported to perpetually enjoin either the plaintiff or defendant from selling or disposing of any property without the consent of each other, while "leaving the parties where it found them" as to said property rights. It is claimed by the defendant that this is an adjudication of the property rights. We might inquire as to what property rights were adjudicated by this unusual decree. Both parties rely upon Tobin v. Tobin, 89 Okla. 12, 213 P. 884. In that case it was held that jointly acquired property did not have to be equally divided. Relative situations were discussed by this court in Reed v. Reed, 119 Okla. 5, 246 P. 413, and Privett v. Privett, 93 Okla. 171, 220 P. 348. In these cases a prior proceeding had been commenced by the parties in the same court and a divorce had been denied, after which in a subsequent proceeding a divorce decree was granted. It was pointed out in both cases that the court granting the divorce had the right to adjudicate the property rights at that time. The fact that there had been a prior adjudication of the property rights under the provisions of section 669, O. S. 1931, 12 Okla. St. Ann. § 1275, when the divorce was denied, did not prevent a subsequent adjudication of all of the property rights, and in Privett v. Privett, supra, the statement is made that upon the granting of divorce the court granting the decree has the right to adjust the property between the parties and consider the property that the parties are possessed of at the time of the decree regardless of the origin of said property rights.

We hold that it is clear that the superior court in the former proceeding of Turlington v. Turlington did not intend to determine the property rights. It may have indulged the judicial hope that the parties might again be reconciled. The defendant had not sought a divorce; neither did she ask for a determination of the property rights, and the court in stating that it "left them where it found them" did not determine the property rights between the parties. The district court, therefore, in the present proceeding had the right to, and it was its duty to, determine the property rights in granting the divorce. Privett v. Privett, supra. For this reason we are of the opinion, and hold, that the cause must be reversed and remanded, with directions to set aside the decree insofar as it refused to determine the property rights and to proceed in accordance with the views herein expressed.

Reversed and remanded, with directions.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and ARNOLD, JJ., concur.