PEARSON et ux. v. LOGAN.

No. 34529. March 24, 1953.

*255 P. 2d 255.*

Elam & Crowley, Enid, for plaintiffs in error.

J. E. Falkenberg, Enid, and D. W. Falkenberg, Medford, for defendant in error.

PER CURIAM. On November 3, 1945, Melba I. Logan, the defendant in error herein, filed suit in the district court of Garfield county, Oklahoma, against Lewis E. Logan, seeking a divorce, the petition alleging residence; cruel treatment; that the property jointly owned by the parties was homestead, and asking for a divorce, custody of a minor child, and that she be awarded the real estate as alimony and support and maintenance of the child. Service was obtained by publication and thereafter Lewis E. Logan came into court and moved to dismiss for want of jurisdiction, and thereafter filed an answer still objecting to the jurisdiction of the court and denying the requisite resident in the State of Oklahoma to entitle the plaintiff to sue for a divorce.

Thereafter, and on May 28, 1946, the matter was tried by the district court, which denied plaintiff a divorce for the reason that the plaintiff in the divorce action had not been a resident of Oklahoma for more than one year prior to the time she filed her petition, but in the journal entry of judgment the court held that it had continuing jurisdiction to make orders in the case and required the defendant to pay plaintiff's attorneys, awarded custody of the minor child to the plaintiff, visitation rights to the defendant husband, and ordered defendant husband to pay child support payments to the plaintiff for the benefit of the minor child.

On July 12, 1946, the husband of the defendant in error, who was the defendant in the divorce case above mentioned, made, executed and delivered to Clarence W. Pearson, the plaintiff in error herein, a warranty deed to the east forty-two feet (42′) of lot five (5), block five (5), City View Second addition to the city of Enid, Garfield county, Oklahoma, which was duly filed of record on the 19th day of July, 1946, and it is this property that is the subject matter of this appeal.

Thereafter, and on the 22nd day of July, 1946, the defendant in error Melba I. Logan, filed a motion for a new trial in the divorce case and a copy thereof was served upon the attorney of record for the defendant Lewis E. Logan, by delivering a copy thereof to the attorney, and this was apparently in an attempt to comply with the requirements of Title 12, O.S.A. §655. Thereafter, and on the 24th day of July, 1946, an order was entered setting the motion for hearing on August 19, 1946. On the latter date the court entered an order granting a new trial, and thereafter and on October 26, 1946, the court

granted plaintiff leave to file a supplemental petition and same was filed November 2, 1946. On the 8th day of November, 1946, judgment was entered awarding the property involved to the plaintiff in the divorce action, Melba I. Logan, as well as granting her other relief. Thereafter the defendant Lewis E. Logan, on the 22nd day of November, 1946, filed a special appearance and motion to quash the judgment and said motion was sustained on February 19, 1947, because of insufficient notice to the defendant of the setting. Thereafter defendant filed his answer to the supplemental petition, and on March 19, 1947, the court entered judgment in said cause, again awarding the above described property to the plaintiff in the divorce case, Melba I. Logan, as well as other relief.

On July 31, 1947, Melba I. Logan, defendant in error herein, filed suit in the district court of Garfield county, Oklahoma, same being case No. 23252 against Clarence W. Pearson and Audrey M. Pearson, husband and wife, the grantees in the deed above referred to from Lewis E. Logan, seeking by her petition to quiet title to the above described property, alleging that the defendants claim some right, title or interest therein adverse to the plaintiff which constitutes a cloud upon the title of the plaintiff and seeks removal of said cloud. The defendants answered that Lewis E. Logan was the owner of the property at the time of making the conveyance and that the decree of divorce awarding the property to Melba I. Logan was null and void.

The case was tried on September 6, 1949, resulting in a judgment in favor of the defendant in error herein, Melba I. Logan, decreeing her to be the legal owner of the real estate and quieting her title as against the claim of the defendants.

Plaintiff in error contends that the only title held by Melba I. Logan was by virtue of the purported decree of divorce dated March 19, 1947, and that such purported decree is void on the judgment roll for want of jurisdiction. Attorneys for the plaintiff in error argue at length in their brief that the defendant in error was not a resident of Garfield county, Oklahoma, on the day she filed her petition and that in such a case, where a divorce is denied for want of jurisdiction, that the trial court did not have authority to subsequently adjudicate the property rights of the parties. The trial court held, and we believe it to be established from the evidence, that the defendant in error and plaintiff in the divorce case was a resident of Garfield county, Oklahoma, on the date of filing her petition and the divorce was denied, not because she was not a resident of the State of Oklahoma, but because she had not been a resident one year preceding the date of the filing of her petition, and the court did not err in holding that it had authority to deny a divorce, but continuing jurisdiction over the case for the purpose of awarding child support payments, custody, visitation rights, etc. In the journal entry in the divorce case, the judge said:

"The court considers and holds that he has jurisdiction to make orders in this cause. * * *"

This court has held in Turlington v. Turlington, 189 Okla. 352, 117 P. 2d 527, that in a divorce action, even if the divorce is refused, the court may retain jurisdiction to grant alimony or specific property. In this case, the court, in discussing the two Oklahoma cases of Reed v. Reed, 119 Okla. 5, 246 P. 413, and Privett v. Privett, 93 Okla. 171, 220 P. 348, where a divorce had been denied and the court later granted a divorce and divided the property, said:

"In these cases a prior proceeding had been commenced by the parties in the same court and a divorce had been denied, after which, in a subsequent proceeding, a divorce decree was granted. It was pointed out in both cases that the court granting the divorce had the right to adjudicate the property rights at that time. The fact

that there had been a prior adjudication of the property rights under the provisions of section 669, Okla. Statutes 1931, 12 Okla. Statutes Anno. section 1275, when the divorce was denied, did not prevent a subsequent adjudication of all of the property rights. . ."

See, also, in this connection the case of Jones v. Jones, 63 Okla. 208, 164 P. 463. The statute authorizing the court to divide property where a divorce is refused grants the district court the right to divide property of parties to a divorce suit in any case wherein a divorce is not granted for any reason, and the word "refused" being used in a broad sense. Woodroof v. Barrington, 199 Okla. 125, 184 P. 2d 771.

And in the case of Bruce v. Bruce, 141 Okla. 160, 285 P. 30, our court has held that an order of the trial court, with respect to the custody or maintenance of the minor children, is never final in the sense that it is unchangeable and it is final only in the sense that it is appealable and the trial court retains control over the case for the support of the children.

Since the court exercised its authority to continue jurisdiction over the divorce case upon the divorce being denied, and the statement in the divorce decree to the effect that it was continuing jurisdiction over the parties, such was notice to the whole world of the status of the divorce case, and under such circumstances the doctrine of lis pendens attaches and the plaintiff in error herein does not become an innocent purchaser for value without notice.

In Buffalo v. Letson, 33 Okla. 261, 124 P. 968, the court held that where a husband against whom there is pending a suit for divorce transferred real estate to a party who takes the same with full knowledge of the rights of the wife, such a transfer is void.

It is well settled in this state, and a fundamental rule of real estate law, that the grantee of real property acquires no greater title of property than that of his grantor, and a purchaser of real estate which is involved in divorce litigation acquires no title to real estate if on the final disposition thereof the property is not awarded to his grantor.

Plaintiffs in error argue at length that the petition for a new trial was not served in accordance with the statutory requirements for such service, but we find it unnecessary to pass upon this question as subsequent to the service of the petition for a new trial upon the attorney of record for the defendant in the divorce case, the defendant came into court and moved to set aside the judgment rendered upon the supplemental petition, and after the judgment was set aside, filed an answer in the case. In addition, the title of this defendant in error in the real estate involved, which is derived from the divorce decree dated March 19, 1947, is strengthened by virtue of the fact that the property herein involved was homestead and it is well settled law that any attempted conveyance of homestead property by a husband, whether a divorce case is pending or not, is ineffective against his nonconsenting wife, and any attempt on the part of the husband to convey the homestead without the consent of the wife renders the conveyance void. All of the cases decided in Oklahoma regarding homestead and the inability of one spouse to convey without the consent of the other is based primarily on the Constitution of Oklahoma, art. 12, §2, which provides in part as follows:

"Nor shall the owner, if married, sell the homestead without the consent of his or her spouse."

The record of the trial below contains sufficient evidence to justify the trial court in holding the property involved was homestead and his decision on this point will not be disturbed by this court.

Plaintiffs in error herein seriously urge in their brief that the defendant in error, Melba I. Logan, must rely upon

the strength of her title and not upon the weakness of that of her adversary, and therefore the question of the homestead characteristics and doctrine of lis pendens cannot be urged in an attempt to defeat the deed from Lewis E. Logan to the plaintiff in error. It is not necessary for this court to pass upon this proposition since we have held that the divorce decree awarding the property to Melba I. Logan was regular and valid in all respects, but it should be pointed out here that the defendant in error, Melba I. Logan, in her action to quiet title, has alleged and satisfactorily proved that she is the owner of the legal title thereto and the only requirement in this regard made by the decisions of this court is that the plaintiff, suing to quiet title or remove a cloud upon the title, need not have title paramount to all others, but must at least have some interest in title; that interest must be paramount to the claim of its adversary. Robertson v. Knighten, 192 Okla. 678, 139 P. 2d 601.

When this property was purchased by the defendant in error and her husband, Lewis E. Logan, and they treated same as their homestead, the property took on all of the features and attributes of homestead property and color of title immediately attached to the defendant in error, and our courts have repeatedly held that in such cases there is a strong presumption that the homestead feature remains attached until clear and convincing proof to the contrary is shown. Lane v. Amis Brothers, 171 Okla. 593, 43 P. 2d 73.

Thereupon, upon the attaching of the homestead characteristics to this property, the defendant in error acquired color of title and she thereby became at least an equitable owner of the property and she may bring suit to quiet title on the equitable interest owned by her, Bridwell v. Goeske, 200 Okla. 244, 192 P. 2d 656, and the claim of the homestead rights by her is not a reliance upon the weakness of her adversary's title, but is merely a strengthening of the title acquired by her in the divorce decree dated March 19, 1947, and the same is true regarding her attempt to invoke the doctrine of lis pendens, and the setting up of the homestead characteristics on the property and a showing that the deed from her husband Lewis E. Logan to the plaintiff in error was tainted with lis pendens is not a reliance upon the weakness of the adversary's title, but was merely a carrying forward of the burden of proof by the defendant in error in establishing her title in and to the property.

The record is silent as to whether the plaintiff in error made an investigation prior to obtaining the conveyance from Lewis E. Logan as to the status of the divorce case between Lewis E. Logan and defendant in error herein; whether an investigation was made as to the rights of persons in possession; whether or not the property was or had been claimed as homestead property of the parties (although the deed from Lewis E. Logan to the plaintiff in error would indicate that they were conscious of the homestead rights of the sellers of the property since the deed from Logan to plaintiff in error was a warranty deed with release of homestead and recited that the grantor released and waived his right of homestead), and common prudence would have dictated that the purchasers should investigate the possibility of a claim of homestead by the other spouse and the hazards of obtaining a conveyance by one spouse only where a divorce case was pending and where in the divorce case the court held that it had continuing jurisdiction to make orders in the cause.

For these reasons, we hold that the plaintiff in error did not become innocent purchasers for value without notice, and title to the property in question should be quieted in the defendant in error, Melba I. Logan, and the judgment of the district court should be affirmed. It is so ordered.

This Court acknowledges the services of Attorneys Harry L. Dyer, El-

don J. Dick, and James B. Diggs, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, ARNOLD, and BLACKBIRD, JJ., concur. DAVISON, O'NEAL, and WILLIAMS, JJ., concur in results.