Herrmann, Respondent, vs. Herrmann, Appellant.

*December 6, 1910—January 10, 1911.*

*Divorce: Division of husband's estate.*

In an action in which both parties asked for a divorce on the ground of cruel and inhuman treatment by the other, it is *held,* upon the evidence, that the divorce was properly granted to the wife and that an award to her of $3,500 as a final division of the husband's estate (valued at $25,000 to $30,000) should not be disturbed upon an appeal by her.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge.  *Affirmed.*

This is an action for divorce on the ground of cruel and inhuman treatment, in which the defendant counterclaimed and asked a divorce from the plaintiff on the same ground.   The plaintiff was a widower forty-seven years old at the time of his second marriage in January, 1907.   His first wife died in 1905.   There were three children born of the first marriage, two girls and a boy.   At the time of the trial of this action in October, 1909, one of the girls was eighteen years old, the other thirteen, and the son sixteen.   The plaintiff had an estate valued at from $25,000 to $30,000, the greater part of which he had inherited, and an income of $1,600 to $1,700 per year.   He had run a farm in Washington county, but he had sold the farm and for some years had lived on a six and one-half acre tract of land near the village of North Milwaukee.   He kept a cow and horse and raised some fruit and vegetables on his place.

The defendant had been previously married, but had obtained a divorce from her first husband on the ground of non-support.   She had one son who was about eighteen years of age at the time of her marriage to the plaintiff.   She became acquainted with the plaintiff in 1902, while the plaintiff's first wife was living, and from that time until their marriage in January, 1907, she gave his daughters piano lessons at their home.   She was afflicted with goitre, which made it impossible for her to do hard physical work and which also made her nervous and irritable.   This condition was aggravated by some temporary ailments.

Prior thereto the parties conferred as to their prospective marriage and arranged that the defendant should have assistance for the performance of the household labor so that she might give proper attention to caring for the plaintiff's children in so far as her condition warranted.   It was agreed that the defendant should not be required to do hard physical work and that a servant should be employed for this service.

The marriage occurred in January, 1907. There is evidence tending to show that the house of the plaintiff was meagerly and poorly furnished at the time of the marriage and that the children had insufficient and poor clothing. It appears that the plaintiff wished to restrict the use of provisions in the home, wanted personally to handle and settle the accounts, refused to leave ready money for household expenses when he was away, and that he was unwilling to give the defendant money with which to make purchases of clothing and food and household necessities, such as she deemed necessary. Within less than two months after the marriage the parties quarreled about money matters; later such quarrels became frequent. The defendant took money from the safe of the plaintiff, sometimes with his knowledge and consent, but at least on one occasion without such knowledge, and this led to disputes and quarrels. The defendant finally left the plaintiff and commenced a suit for divorce. This action was dismissed after an adjustment by which the plaintiff was to give the defendant $15 per month for her personal expenses. This was done for some time, but differences arose between them because of the attempt of the plaintiff to deduct certain sums which he claimed to have paid for her from the sum to be given the defendant.

Shortly after the marriage household goods belonging to the defendant and stored in Chicago were brought to the home at the plaintiff's expense. The arrangement of these goods in the house was the cause of serious differences between the parties. As a result of their quarrels the plaintiff published a notice forbidding any one to give the defendant credit in his name, notified merchants personally not to allow her to have goods, ordered the children to disregard the orders of the defendant, and on two occasions struck her. The defendant scolded and called the plaintiff names. When assistance for the performance of the household labor was not furnished she expressed her disapproval of the plaintiff's elder daughter

doing the housework and characterized the worker as a slob. The defendant did little of the housework aside from the making of her own bed, assisting in doing the finer cooking, and occasionally the getting of a meal.

The court found that there was no issue of this marriage; that the plaintiff struck the defendant on two occasions without just cause or provocation, one time with a whip; that he had humiliated her by forbidding that credit be given her; that he annoyed and mistreated her in divers ways; that he continually interfered with her while she was directing the performance of the household duties; and that the treatment of the defendant by the plaintiff had aggravated her nervous condition and illness. Judgment of divorce was granted the defendant and a final distribution was made of the plaintiff's estate.

This is an appeal from that part of the judgment of the court granting the defendant $3,500 of the plaintiff's estate in making the final division and distribution.

*Andrew Gilbertson*, for the appellant.

For the respondent there was a brief by *Doe & Ballhorn*, and oral argument by *Geo. E. Ballhorn*.

SIEBECKER, J. The defendant assails that part of the judgment allowing her the sum of $3,500 out of the plaintiff's estate as a final division and distribution thereof. The statute provides that such award shall be made with "due regard to the legal and equitable rights of each party" in the light of all the attending circumstances showing the character and situation of the parties, their estates, and his ability. Sec. 2364, Stats. (1898). The foregoing statement of the facts, conditions, and circumstances on which the trial court acted in making the award show that the two years of married life of the parties was devoid of all co-operation between the husband and wife for fostering and promoting their mutual interests or those of the plaintiff's children. The court found the plaint-

iff's conduct violative of his duties as husband, that the defendant was entitled to a decree divorcing them from the bonds of matrimony, and that a decree for a final division and distribution of his estate would further their respective interests. Upon all of the facts shown we are led to the conclusion that the judgment was warranted. In the light of the case presented we do not feel justified in holding that the trial court's award is an unjust one, and we cannot, therefore, disturb it on this appeal.

*By the Court.*—Judgment affirmed.