## OWEN v. OWEN.

No. 28278. June 21, 1938.

C. W. Clift (Norman J. Futoransky, on brief), for plaintiff in error.

Harlan Deupree, for defendant in error.

PER CURIAM. This appeal was commenced by Clyde Owen for divorce. She alleged abandonment and gross neglect of duty. Defendant filed an answer and cross-petition, and judgment was rendered on the cross-petition for divorce for the defendant, and the plaintiff was awarded $300 in alimony and the household property owned by the plaintiff and the defendant.

There are only two questions presented on appeal. The first is that the finding that the defendant is entitled to a divorce on his answer and cross-petition is not supported by the evidence. The second is that the court erred as a matter of law in not ordering one-half of the property paid to the plaintiff. In this connection it is claimed by the plaintiff that the property was jointly acquired by the plaintiff and the defendant during their married life.

The principal proposition presented in the brief is that the plaintiff should have more alimony than that allotted in the decree. We shall discuss the first proposition, wherein it is claimed that the evidence does not warrant a judgment for divorce on the cross-petition of the defendant. This proposition is addressed to this court on appeal acting in its equitable capacity, and the judgment and decree will not be disturbed unless it is against the clear weight of the evidence. In Horner v. Horner, 166 Okla. 103, 26 P.2d 929, we said:

"The conduct of either spouse which grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as to seriously impair the bodily health, or such as to utterly destroy the legitimate end of matrimony, constitutes extreme cruelty, within the meaning of section 665, O. S 1931."

We do not think it is necessary to discuss the evidence at length. We have ex-

amined the same and find that there is sufficient evidence to warrant the judgment, and are of the opinion that the court did not err in rendering judgment for the defendant on his answer and cross-petition.

This leaves the sole question of whether or not the court erred as a matter of law in failing to render judgment for one-half of the property of the plaintiff and defendant acquired jointly during their marriage relationship.

Defendant was possessed of two photographic studios at the time of the trial. One of these was located in Muskogee and one of them in Oklahoma City. He testified that he acquired this property prior to the marriage with the plaintiff; that he traveled about from place to place prior to the marriage with the plaintiff; that the value of the two outfits and the condition was practically the same at the time of the trial as it was when he acquired it. The value of the property is speculative. The testimony of the defendant was corroborated by one of his witnesses. This witness fixed the value of the property at approximately $600. The evidence is not certain as to whether the defendant had as large an equipment when he married the plaintiff as he had at the time of the trial. We are of the opinion, and hold, that the court was not in error in finding that the property of the defendant was not acquired jointly during the marriage relationship In Hughes v. Hughes, 131 Okla. 33, 267 P. 620, this court held:

"Where a divorce is granted the husband because of the fault of the wife, the court should make a fair and equitable division of the property acquired by the joint industry of the parties during marriage, but in such case no division should be made of the separate property of the husband acquired prior to the marriage."

Plaintiff attempted to establish a partnership. The court made no finding as to whether or not there was a partnership. We are of the opinion that the evidence did not prove a partnership in the photographic business. We must assume that the court found otherwise, as a general finding with relation to the property as above stated is a general finding against the contention of the plaintiff that she was the half owner thereof. Plaintiff s'ates that she relies upon Allred v. Allred, 131 Okla. 55, 267 P. 842, and quotes therefrom as follows:

"This court has repeatedly held that even though a wife be not justified in leaving her husband, and though she be not entitled to a divorce, she is entitled to an equitable division of the proper.y jointly acquired."

The court found that the property was not jointly acquired and such finding is sustained by the record.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and RILEY and DAVISON, JJ., absent.