## EVANS v. EVANS.

No. 31143. Jan. 18, 1944.

Rehearing Denied Feb. 8, 1944.

*145 P. 2d 389.*

Walter L. Gray, of Oklahoma City, and Shutler & Shutler, of Kingfisher, for plaintiff in error.

C. Everett Murphy, of Kingfisher, for defendant in error.

RILEY, J. Ola B. Evans appeals from a judgment awarding A. H. Evans a divorce based upon allegations of extreme cruelty( mental) and gross neglect of duty. The decree awarded all property, real and personal, to the plaintiff husband, but, in lieu of a division of property in kind, granted to the defendant wife $9,000. By agreement, the parties had · divided some household goods and furnishings, and by judgment $750 attorneys' fees was allowed the wife. Custody of a minor child, Albert H. Evans, Jr., born of the union, age 12 years, was divided, with support for the child allowed the wife at the rate of $20 per month while in the custody of the mother, during school terms.

The parties were married 18 years ago, at the ages of 54 and 33 years. Plaintiff had been previously married and had derived one child by adoption during the previous venture. While it is immaterial except as showing attitude, the plaintiff alleged that his subsequent marriage with defendant was "one of convenience and not of love." A copy of an antenuptial contract is of record, wherein it is set forth that plaintiff had as of the date (1926) accumulated considerable property, whereas Ola Parrish, now Evans, had not made or accumulated any of the property, but that in view of the contemplated marriage, it was agreed, in anticipation of a separation, that $200 would be accepted by Ola in settlement, with complete satisfac-

tion. The defendant was twice previously married and, all told, she is the mother of four children.

The defendant came to the home of plaintiff with her three children years ago in the capacity of a housekeeper and with but small worldly possessions. At that time the plaintiff and employer had made a statement of credit to a bank showing his assets to be of the value of $101,000. He was an extensive landowner. The plaintiff now claims his worth, according to a statement of credit, is $49,000. The defendant claims the plaintiff is worth as much as ever.

The cause at bar is the fourth action that has been filed between the parties. The first, for damages, was filed by defendant shortly after her last marriage; the others, by plaintiff, were dismissed. The evidence adduced by each party establishes an intolerable domestic relation. Defendant by her cross-petition sought to be divorced from plaintiff.

The judgment of the trial judge in granting the divorce is affirmed. Judgment against plaintiff in the sum of $9,000 in lieu of division of property and for attorneys' fee, in the sum of $750, is affirmed. But see Title 12 O. S. 1941 § 1278 re finding by court that such divorce should be granted on account of the fault or aggression of the wife, and affirmatively providing for alimony to the wife only when a divorce shall be granted by reason of the fault or aggression of the husband. In the case at bar the wife, against whom the divorce was granted, appeals. The husband does not complain of the award made, but seeks affirmance of the judgment.

Judgment as to the care and custody of the minor child born of the union is modified to the extent of increasing maintenance for that child during the school years to the sum of $75 per month, said payments to continue for the benefit of said child until he is 21 years of age, unless otherwise for good and sufficient cause arising in future, this provision for maintenance is modified. Title 12 O. S. 1941 § 1277.

See Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 P. 858.

In Beams v. Step et al., 116 Okla. 291, 244 P. 775, it is said:

"Credibility of a witness . . . are questions of fact to be determined by triers of fact, whether court or jury . . . "

See, also, Falls City Clothing Co. v. Sweazea, 61 Okla. 154, 160 P. 728; Lowe v. Hickory, 176 Okla. 426, 55 P. 2d 769; Owen v. Owen, 183 Okla. 200, 80 P. 2d 628; Hatchett v. Hatchett, 89 Okla. 176, 214 P. 929; Hooper v. Hooper, 102 Wis. 639, 78 N. W. 753 ($80,000 was worth of plaintiff, 20 years of marriage; $7,000 gross allowance); Hermann v. Hermann, 144 Wis. 380, 129 N. W. 398 ($30,000 was worth of plaintiff, two years of marriage; $3,500 gross allowance); Weidert v. Weidert, 106 Wash. 410, 180 P. 135 ($25,000 was worth of plaintiff, 11 years of marriage; $6,000 allowance and $250 attorney fee).

Payments made to the wife pendente lite are, according to the order of this court of March 8, 1943, credited on the award made for the benefit of the plaintiff in error.

GIBSON, V.C.J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., and OSBORN, J., absent.