LUTKE v. LUTKE.

No. 32294. Oct. 1, 1946.

As Corrected on Denial of Rehearing Jan. 21, 1947.

*176 P. 2d 496.*

Grace O. Lutke, of Oklahoma City, for plaintiff in error.

Gilliland, Ogden, Withington & Shirk, by John B. Ogden, all of Oklahoma City, for defendants in error.

CORN, J. This is an appeal by plaintiff from a decree of divorce granted upon defendant's cross-petition by the district court of Oklahoma county, in an action begun by plaintiff for divorce upon the grounds of extreme cruelty and gross neglect of duty.

Plaintiff's petition alleged the parties were married in 1926, and had two children, both boys, aged 15 and 17 at the time the action was brought. The allegations of extreme cruelty and gross neglect of duty were that defendant was an able-bodied man, capable of earning approximately $225 per month, but refused to provide common necessities for plaintiff and the children; devoted his time to persons other than his family, and had stated he no longer cared for plaintiff; and that he had physically threatened plaintiff.

It was further alleged the parties had acquired a residence at 1716 S. W. 14th street, in Oklahoma City, together with certain furnishings; together with an automobile and some personal property plaintiff had inherited from her father. After the petition was filed an order was entered directing defendant to pay temporary alimony, costs and attorney fees, which order defendant complied with.

Defendant filed answer in the form of a general denial, and then by cross-petition asked for a decree of divorce, division of the property and custody of the minor children. The cross-petition alleged gross neglect of duty in that plaintiff failed, neglected, and refused to perform her duties to defendant and her family; that plaintiff had become actively interested in the study and practice of spiritualism; had absented herself from home without reason; had habitually accused defendant of infidelity without cause therefor; and had interfered with defendant's activity in doing radio repair work; had neglected her home and family duties by having carried on, over a period of years, certain night school courses which kept her away from the home a great many nights.

Plaintiff's answer to the cross-petition was a general denial, except that plaintiff interposed a plea of condonement, by reason defendant had continued to live with her, to defendant's charges that she practiced spiritualism, had absented herself from home without

cause or explanation, had carried on courses of study which caused her absence from the home at night.

The cause was tried March 22, 1945. A great deal of testimony was offered to prove the allegations of plaintiff's petition that defendant, although gainfully employed, had refused to provide adequately for plaintiff and his children; plaintiff had been forced, because of defendant's failure to so provide, to perform an undue amount of work, such as gardening, canning of foodstuff, etc.

Plaintiff further testified her physical condition was such it was impossible to have marital relations; that defendant had been guilty of various acts of infidelity, which he admitted in presence of the children; that she properly discharged her household duties; and that she had to clothe herself. She also testified defendant had been guilty of lax moral conduct in their home during her absence.

The two minor sons testified in behalf of plaintiff, to the effect that their mother was not out late at night, although she attended night school, that she worked in the garden, that their father had threatened plaintiff; that they had seen defendant with other women. There was testimony of additional witnesses along these same lines.

Defendant testified his earnings were turned over to plaintiff until about April, 1944, at which time he took charge of the family finances. Numerous witnesses were produced who testified to having known defendant both at his work and on a personal basis for varying periods; and that they had never observed any misconduct on his part. Other proffered testimony tending to establish the defendant's reputation for morality was excluded.

March 23, 1945, the trial court took the matter under advisement, and on April 3, 1945, a motion was filed to reopen the cause and said motion was granted. Thereafter the trial judge heard a great amount of testimony, much of which was merely cumulative, in an obvious effort to permit the parties, and particularly the plaintiff, opportunity to fully present the case. Much of the testimony offered by plaintiff was an effort to show plaintiff had not been injured in an auto accident in the early morning during one of her night sojourns away from home, as indicated by defendant's evidence, but had been attacked and beaten by one of defendant's women friends, necessitating her hospitalization.

The trial court denied plaintiff's plea for divorce and rendered judgment of divorce for defendant on his cross-petition. The judgment as entered provided for divorce and found plaintiff's evidence did not sustain her petition; defendant was without fault; plaintiff had neglected her home and household duties, and had refused to live with defendant; that plaintiff had been hurt in an automobile accident in company with a third party when she was away from home in the night, and that she nagged and fussed at defendant.

The trial court found the property acquired during coverture to be worth $4,500 and awarded same to defendant, but required him to pay plaintiff one-half of the value; divided the canned foods between them; awarded defendant the furniture except for certain specified items given plaintiff, and required defendant to pay plaintiff $250 on account of the furniture; found plaintiff to be an unfit person and decreed custody of the children in defendant; permitted plaintiff to occupy premises until June 1, 1945, but required her to make a conveyance of the property to defendant.

From the judgment entered, plaintiff has appealed. The assignments of error are presented under general subdivisions of argument. The first of these is the contention there were irregularities in the trial court's proceedings preventing plaintiff from having a fair trial.

Plaintiff contends that, inasmuch as the trial court interrogated her concerning matters to which she had testified, his prejudice was shown. Plaintiff likewise asserts that this was an abuse of discretion, and where the trial court manifests interest in asking questions relating to the issues, it must follow that he has become partisan and cannot exercise his judicial discretion. We are unable to see wherein the trial court's questioning of plaintiff concerning matters about which she had already testified, could be said to have affected any of plaintiff's rights.

Plaintiff's second contention is that the trial court's division of the property was inequitable. This same matter is also raised by plaintiff's assignments of error 5 and 6.

The divorce decree gave defendant the home and household goods except certain items of furniture and law books and bookcases, but required defendant to pay plaintiff $2,500. We have held that an equitable division of property does not mean an equal division. Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556. And, when a divorce is granted either spouse, the court is not required to divide jointly-acquired property equally between the parties, but is given wide latitude in determining what part of jointly-acquired property is to be given to each. 12 O.S. 1941 §1278; Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598.

The third contention is that the judgment herein is not supported by sufficient evidence. The testimony in behalf of defendant was that he worked diligently, attended to certain household duties after working hours, necessitated by plaintiff's continued absence from the home under what may be designated as suspicious circumstances; defendant was respected by friends, neighbors and those in business contact with him, and bore a good reputation.

A great deal of testimony was offered to show plaintiff was without fault in all respects. However, the facts reflected by review of the voluminous record definitely establish that plaintiff was away from the home a great deal, returning late at night; that she once had been involved in an occurrence where a man was shot to death; that once, when away from the family home during the night, she was involved in an automobile wreck, necessitating her hospitalization, although plaintiff attempted to explain this away by testifying her injuries resulted from physical combat with a woman, allegedly a companion of the defendant.

The trial court heard the testimony and observed all the witnesses. Having carefully reviewed the entire record, we must conclude that the judgment rendered herein is amply sustained by competent testimony.

As pointed out in Owen v. Owen, 183 Okla. 200, 80 P. 2d 628, the contention that the evidence does not warrant a judgment for divorce upon the husband's cross-petition is addressed to the reviewing court on appeal acting in its equitable capacity, and the judgment and decree will not be disturbed unless against the clear weight of the evidence. Also see Nelson v. Nelson, 189 Okla. 318, 117 P. 2d 110; Haynes v. Haynes, 190 Okla. 596, 126 P. 2d 65; Forrester v. Forrester, 193 Okla. 59, 141 P. 2d 92; Cates v. Cates, 194 Okla. 414, 152 P. 2d 261; Limb v. Limb, 195 Okla. 249, 156 P. 2d 1013.

The final assignments of error are presented under the contention that, under the evidence, the trial court erred in decreeing custody of the minor children to defendant, contrary to the law and the evidence.

Both children testified in behalf of the plaintiff, and expressed a desire to reside with the plaintiff. Although recognizing the admissibility of these children's preference as a fact to be considered by the trial court in determining the question of custody, the matter of what will be to the best interest of such children likewise is a paramount factor for consideration.

Examination of the record compels the conclusion that the best interest of the children, in the short period before they attain their majority, will be best served by their custody continuing under the guidance of the defendant.

We have held in paragraph 2 of the syllabus in Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056:

"In the determination of the custody of a minor child, the best interests of the child should be the paramount consideration of the court, and where it does not appear that the trial court has abused its discretion, this court will not reverse the order of the trial court."

Under the record we hold the trial court did not err in applying the rule thus stated in determining the question of custody herein.

Under the terms of the decree of divorce the defendant was required to pay plaintiff the sum of $2,500, and plaintiff was required to convey her interest in the property by quitclaim deed and to vacate the premises before June 1, 1945. The decree further provided that if plaintiff failed to execute the deed and vacate the premises, then defendant should not be required to pay any part of the amount awarded plaintiff. From this judgment plaintiff has appealed, and it does not appear whether either of the parties has attempted to comply with the requirements above mentioned.

To effectuate the judgment as to the division of the property, the plaintiff is hereby granted 30 days after the mandate is spread of record within which to execute the required deed and vacate the premises. And, if defendant has not already done so he shall pay into court the sum of $2,500 awarded plaintiff in the division of the property.

Other matters are offered for consideration by the parties to this appeal. However, they are cumulative in nature and, in view of the foregoing statements, do not require further discussion.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, and DAVISON, JJ., concur.