GASKELL v. GASKELL.

No. 32680.   June 17, 1947.

Rehearing Denied Nov. 13, 1947.

Second Petition for Rehearing
Denied Jan. 20, 1948.

*188 P. 2d 352.*

James B. Diggs, Jr., of Tulsa, for plaintiff in error.

George Paschal and E. P. Neal, both of Tulsa, for defendant in error.

PER CURIAM. This is an appeal by Agnes Gaskell from a judgment rendered by the district court of Tulsa county granting plaintiff, Howard Gaskell, a divorce on the ground of abandonment.

Plaintiff in his petition alleges that on the 21st day of March, 1935, without cause, defendant abandoned him and has ever since that time lived separate and apart from him.

Defendant in her answer denies that she abandoned plaintiff, and further alleges that on the date mentioned in plaintiff's petition he abandoned her; that thereafter there was a reconciliation and they again lived together as husband and wife for several years, when plaintiff again abandoned her and went to the State of Arkansas and there brought an action for divorce against her on the ground that they had been separated more than three years and that the trial there resulted in a decree dismissing his cause of action for want of equity. This decree is pleaded as res adjudicata to the maintenance of the instant action.

Defendant contends that the trial court erred in denying her plea of res adjudicata and in granting plaintiff a divorce.

Defendant offered in evidence the pleadings and decree of the court in the Arkansas case and also offered in evidence the statute of that state governing divorce actions and several decisions of the Supreme Court of the State of Arkansas which she relies upon to sustain her plea.

Plaintiff in his action for divorce in the State of Arkansas relied on the seventh ground for divorce under the statute of the State of Arkansas which provides:

"Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by mutual consent of the parties, and the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony."

Plaintiff in his petition in that case alleges:

"That he and the defendant, Agnes E. Gaskell, are husband and wife, are white persons, and were married on or about September 13, 1919, in Chicago, Cook County, Illinois, and lived and cohabited together as husband and wife until on or about March 2, 1935, at which time they separated in Chicago, Cook County, Illinois, and since which time they have lived separate and apart.

"That plaintiff and defendant have not lived or cohabited together as husband and wife or otherwise for more than three years next preceding the filing of this complaint."

The court in that case found:

"That plaintiff's complaint and petition were prematurely brought, the proof showing that the parties to this action have lived and cohabited together as husband and wife within the last past three years contrary to plaintiff's allegation in said petition."

Upon this finding the court entered a decree dismissing plaintiff's cause of action for want of equity.

Plaintiff contends that this decree cannot be pleaded in bar to the present action for the reason that it is not a final decree, and for the further reason that the causes of action are not the same. Defendant contends that the decree in that case disposes of the case on

its merits and is therefore a final decree and asserts that although the actions may not be identical, the issues are the same; that in the suit filed in the State of Arkansas plaintiff alleged that the parties separated March 2, 1935, and have not since lived or cohabited together as husband and wife; that it was necessary for plaintiff in that case, in order to prevail, to prove that he and defendant had not since March 2, 1935, lived or cohabited together as husband and wife; that this issue was decided against him in that case; that in the instant case plaintiff alleges that defendant abandoned him on the same date as the date of the alleged separation in the Arkansas case and has ever since remained away from him; that it was necessary for plaintiff to succeed in the present action to prove such allegation; that proof of reconciliation, and, that subsequent to that time the parties had lived and cohabited together as husband and wife, would have constituted a complete defense to the present action; that this issue was decided against plaintiff by the decree in the Arkansas case and that such issue cannot be relitigated in the instant case.

This contention might be meritorious if plaintiff had relied alone to sustain his cause of action on an abandonment alleged to have taken place on March 2, 1935. In his reply, however, after denying the allegations of defendant's answer as to a reconciliation, he pleads that on the 18th day of September, 1940, he offered in good faith to take plaintiff back as his wife and to again live with her as her husband, and that she refused to do so and that ever since that time she has lived separate and apart from him. In support of this allegation plaintiff testified that defendant first abandoned him on March 2, 1935, and while he denied that there ever had been a reconciliation in the sense that they thereafter lived and cohabited together as man and wife, he further testified that in 1938 he requested her to return and live with him as his wife and that she refused, and again on the 18th day

of September, 1940, he offered to take her back and live with her and agreed to again resume the marital relation and that she refused and at that time stated that she never again would live with him. This evidence we think sufficient to show an abandonment on the part of defendant at least ever since September 18, 1940. Peretti v. Peretti, 165 Cal. 717, 134 P. 322; De Vry v. De Vry, 46 Okla. 254, 148 P. 840. This action was brought on the 3rd day of December, 1942.

Since plaintiff in his reply pleads and the evidence shows an abandonment on the part of the defendant for more than one year subsequent to the date of the separation relied on in the Arkansas case and subsequent to the date of any cohabitation between the parties, referred to in the Arkansas decree, it cannot be pleaded as a bar to the maintenance of the present action. In vol. 17, Am. Jur. p. 261, § 217, it is said:

"Under most statutes desertion to be a ground for divorce must have continued without interruption for a certain length of time, and under these statutes the resumption of marital cohabitation within the period of time fixed by the statute breaks the continuity of the desertion and deprives the deserted spouse of any cause for divorce until the expiration of the statutory period computed from the time of the second desertion following the resumption of the marital relation."

Defendant was not present at the trial of the case nor was any evidence offered in her behalf other than the records above mentioned in support of her plea of res adjudicata.

The evidence is sufficient to show an abandonment upon the part of the defendant for more than one year subsequent to the date of cohabitation referred to in the Arkansas decree, and therefore sufficient to sustain the judgment.

Affirmed.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.