## BANTA v. BANTA.

No. 33337.   Oct. 4, 1949.

*210 P. 2d 346.*

Charlie L. Andrews and Edward M. Box, both of Oklahoma City, for plaintiff in error.

Carmon C. Harris, of Oklahoma City, for defendant in error.

HALLEY, J. The parties occupy the same positions here as in the court below, and we shall refer to them in that manner. They were married in Clay county, Tex., on December 1, 1922, and immediately established a home at Comanche, Okla., where the defendant was in the mercantile business. No children have been born to the marriage. The parties legally adopted a female child, who is now of legal age and married. The store at Comanche was sold in 1927, and the parties moved to Oklahoma City. Thereafter, they bought a stock of goods and established a store in Crescent, Okla. The defendant's father died in 1932 and left a large estate. The defendant and his sister, the only children of the deceased father, were given $2,000 apiece under the terms of the will. The defendant spent some of his time assisting his mother in looking after his father's estate. In 1934, the parties traded the business in Crescent for an apartment house in Oklahoma City and moved there. Defendant helped his mother look after her property until 1940, at which time his sister took over the management of the property. Defendant worked at Tinker Field for about two years prior to 1945. The apartment that the parties had traded the store at Crescent for was sold in 1943, and parties lived for nine months in a rented place. Parties moved to Dallas, Tex., on May 1. 1945, and lived there until January, 1946, when they moved back to Oklahoma City. On January 26, 1946, defendant's mother deeded him an apartment house at 301-303 N. W. Eighth street in Oklahoma City.

On or about February 20, 1947, the parties had a serious argument over an annuity life insurance policy payable to the defendant during his life, but payable to his sister on his death, which had been bought and paid for by defendant's mother. The plaintiff grew incensed on learning of this policy, and she felt that she should be made the beneficiary thereunder. On that day, the plaintiff left the home and went to stay with friends. She returned on the 27th of February to effect a reconciliation, but she would not agree to her husband's terms. She subsequently filed a divorce action, later changing her prayer to that of separate maintenance. The defendant filed a cross-petition asking for a divorce. The trial court denied both claims and divided the joint or community property of the parties. Plaintiff appealed, but defendant did not.

The plaintiff urges on appeal that (1) the judgment was contrary to the evidence; (2) that under the evidence plaintiff was entitled to a more equitable division of the property and for separate and continued maintenance; (3) that the trial court erred in not allowing plaintiff attorney fees; and (4) that the trial court erred in not sustaining her motion for a new trial and supplemental motion for new trial.

No question is raised as to the right of the trial court to make the division of property although no divorce is granted, as the court's right to do this is clear. Title 12, O. S. 1941 §1275; Woodroof v. Barrington, 199 Okla. 125, 184 P. 2d 771; McAdoo v. McAdoo, 137 Okla. 12, 277 P. 943; Privett v. Privett, 93 Okla. 171, 220 P. 348; Swanda v. Swanda, 105 Okla. 160, 232 P. 62; Barker v. Barker, 105 Okla. 240, 232 P. 371.

We have read the testimony in this case, and we cannot say that the judgment is against the weight of the evidence. We are of the opinion that it is supported by the evidence. The trial court could have granted the defendant a divorce under the evidence. There is no question but that the plaintiff became very angry with the defendant over the annuity policy, and that she struck and beat the defendant. It is simply a question of whether the court has made an equitable division and disposition of the property of the parties. This the court did. It gave to each his separate property and divided the cash, Postal Savings and U.S. Savings Bonds, all valued at $14,375, and the furniture in the private apartment of parties in the house at 301-3 N.W. 8th street, equally between the parties. In addition, the plaintiff was given a life insurance policy of the value of $991. When we realize that a goodly share of the community property could be traced to the store at Comanche, which was originally the separate property of the defendant, we think that the trial court was more than fair with the plaintiff on the division. The evidence in this case, though conflicting, sufficiently sustains the judgment and will not be disturbed. Clark v. Clark, 177 Okla. 542, 61 P. 2d 28; Forrester v. Forrester, 193 Okla. 59, 141 P. 2d 92; Lutke v. Lutke, 198 Okla. 131, 176 P. 2d 496; Gaskill v. Gaskill, 199 Okla. 591, 188 P. 2d 352.

The plaintiff left the home of her own accord. Her health was not the best, but the trial court undoubtedly considered this in making the division of property favorably to her. We held in Davis v. Davis, 61 Okla. 275, 161 P. 190, that where a wife chooses to live separate and apart from her husband without legal cause he cannot be required to pay her alimony.

It was discretionary with the trial court as to whether or not attorneys' fees should be allowed plaintiff. They were not prayed for, and no evidence was offered as to their value. Since no relief was granted the plaintiff on her petition, the court could well let the litigants take care of their own attorneys' fees. The plaintiff was not without funds, either before or after the judgment. The trial court's action is sustained by numerous cases cited in

the notes to 27 C. J. S. Divorce, sec. 220, which section reads as follows:

"The allowance of suit money and counsel fees to a wife, and the amount thereof, as in the case of an allowance of temporary alimony, see supra §206, is largely within the discretion of the court passing on the application for such allowance. This discretion is to be exercised in view of the conditions and circumstances of the case, and it will not be disturbed on appeal unless abused."

As we view the record, the plaintiff had no grounds for an action for separate maintenance, and the trial court's discretion on this matter was not abused.

The plaintiff complains that the court erred in overruling the supplemental motion for new trial in which she offered additional exhibits. At the close of the trial, the plaintiff's counsel was pointedly asked if "plaintiff rests?" and his answer was "Yes, sir". The record does not reveal any request on the plaintiff's part to reopen her case for the purpose of offering additional evidence. Not until after the motion for new trial was passed does she say anything about additional evidence. Then it was presented in a supplemental motion for new trial. It was discretionary with the trial court as to whether or not it would be admitted at that late date, and there was no abuse of discretion in refusing to admit it. Save Sales Co. of Toledo v. Futral, 180 Okla. 145, 69 P. 2d 349; City of Mangum v. Brownlee, 181 Okla. 515, 75 P. 2d 174. Furthermore, we have read the exhibits in question, and they add nothing to plaintiff's case.

Judgment affirmed.