Johnnie Lee SHOOK, Plaintiff in Error,

v.

S. A. SHOOK, Defendant in Error.

No. 38691.

Supreme Court of Oklahoma.

May 17, 1960.

Wise & Ivester, Sayre, for plaintiff in error.

Garrett & Garrett, Mangum, for defendant in error.

BERRY, Justice.

The parties who appear here in the same relative position as in the trial court, will be referred to herein as they appeared in said court.

In so far as material to the issues presented by this appeal, plaintiff, in her petition filed below, sought a divorce and an equitable division of property which she and defendant acquired during their marriage. In so far as material to said issues, defendant in his answer sought a divorce, custody of the minor children born of the marriage and an equitable division of the property of the parties.

Following trial of the case the trial court entered judgment awarding each of the parties a divorce on the grounds of incompatibility. The court found that the net value of the properties of the parties was $12,000. In dividing said properties, plaintiff was awarded an automobile of the value of $1,000 and was given judgment for $4,000 against defendant. All other properties of the parties were awarded defendant subject to the referred-to judgment and liens thereon. Defendant was ordered to pay all debts which had accrued during the marriage. The debts were approximately $25,000. He was also ordered to pay a reasonable attorney's fee of $125 and the costs of the case. He has complied with this portion of the judgment. Three children were born of the marriage, all of whom were minors at the time judgment appealed-from was entered. Custody of the parties' two youngest children was placed in defendant. No order was entered relative to the custody of the oldest child. Upon plaintiff making known her intention to appeal to this Court, defendant was directed to pay her $125 a month until this appeal was disposed of, which payments were to be credited against the $4,000 personal judgment in plaintiff's favor.

From order denying plaintiff's motion for new trial, she perfected this appeal.

Plaintiff contends that the trial court erred in (1) finding that the net value of the properties was $12,000 (she asserts that said value was $16,000 or more); (2) deducting $1,000 from one-half the net value of the properties as found by the court as plaintiff's contribution toward the support of the minor children; (3) reducing the $4,000 judgment by the amount of the $125

monthly payments. We will consider plaintiff's contentions in the order that same are stated.

The evidence clearly sustains the trial court's finding that the net value of the properties of the parties was approximately $12,000.

Plaintiff's second contention is directed to this finding of the court:

"5. The court further finds that defendant will have the care and custody of two minor children of the parties, and will be required to maintain, support and educate said children, and in addition thereto will furnish some assistance to the child now attending college. By virtue of these obligations and duties, the amount of $1,000.00 should be charged against plaintiff's 'share' of the parties' net worth and set over to the defendant. * * *"

Plaintiff earnestly contends that the effect of said finding is that plaintiff shall contribute $1,000 to the care and support of the minor children; that a father and not the mother of children is under a duty to support their minor children.

It is provided in 12 O.S.1951 § 1278, that upon granting a divorce "the court shall make such division between the parties (of jointly-acquired property) as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

In the second paragraph of the syllabus to Lutke v. Lutke, 198 Okl. 131, 176 P.2d 496, 497, this is said:

"On granting divorce to either husband or wife, court is not required to divide property acquired by parties jointly during marriage equally between parties, but is given wide latitude in determining what part of jointly accumulated property shall be given to each. Burtrum v. Burtrum, 184 Okl. 61, 84 P.2d 598."

■ As we read the judgment of the trial court, said court in fact found that because of the expense that defendant would be confronted with in educating the oldest child and caring for the other two minor children, plaintiff's interest in the properties of the parties was fixed at $5,000 and not $6,000, which latter figure represented one-half the net value of the properties. To our way of thinking, the complained-of finding of the trial court merely represents one of said court's reasons for fixing plaintiff's interest in the properties of the parties at $5,000 and does represent a finding that plaintiff should contribute $1,000 toward educating her oldest son and caring for the other children. The trial court was privileged to consider the foregoing things in dividing the property of the parties. See Bowring v. Bowring, 196 Okl. 520, 166 P. 2d 415, 416, and 27B C.J.S. Divorce § 295(2), p. 295. In the cited case this is said in the body of the opinion:

"(6) In making the award and division of property the court should take into consideration the financial ability of the parties, their station in life, custody and maintenance of children, and the conduct of the parties. Francis v. Francis, supra; Galutia v. Galutia, 72 Kan. 70, 82 P. 461."

We are of the opinion that the judgment of the trial court dividing the properties of the parties is in keeping with the evidence and is not against the clear weight of the evidence. See West v. West, Okl., 268 P.2d 250.

■ We next consider plaintiff's third contention. At the conclusion of the trial plaintiff made known her intention to appeal to this Court and requested that defendant be ordered to pay her temporary support each month until her appeal was disposed of. The trial court declined to enter such an order but did order the defendant to pay plaintiff $125 per month beginning March 1, 1959 and continuing until the appeal was disposed of, which payments were to be deducted from the $4,000 personal judgment. Plaintiff asks us to "find and determine from what monies the temporary support money ordered to be paid by the defendant during the pendency of this matter is to be paid."

In view of the fact that the trial court declined to enter an order awarding plaintiff temporary support following its decision herein, plaintiff in fact is asking this Court to make an order granting plaintiff $125 per month temporary support, which order if entered would act retroactively. In our opinion the trial court did not err in declining to order defendant to pay support money and for said reason we decline to make the requested order.

In his brief defendant states that the trial court stated in substance from the bench that plaintiff voluntarily abandoned defendant and her home. Plaintiff has not denied that the trial court made said oral finding of fact. The record fairly develops that plaintiff abandoned her family.

■ The fixing of alimony rests in the sound judicial discretion of the trial court. In view of the fact that plaintiff abandoned her family and the further fact that it is not shown that she is incapable of supporting herself, the trial court did not, in declining to award plaintiff temporary support money, abuse the sound legal discretion that rested in it.

■ In her brief, plaintiff asks that this Court "fix and determine the reasonable costs and attorney's fee for the benefit of plaintiff's attorney, to be paid by the defendant for this appeal." The defendant has paid the costs in this Court and the charge made for the casemade but has paid nothing because of expense incurred by plaintiff in employing an attorney, who is the same attorney that represented her below, to represent her in this appeal.

While we do not doubt that plaintiff acted in good faith in perfecting this appeal, we are convinced that there is little if any merit to plaintiff's contention of error on the trial court's part. In view of this fact and the fact that defendant at no time questioned plaintiff's asserted right to a just and reasonable division of the properties of the parties; that he made a full

and fair disclosure and evaluation of said properties; that at the time of the trial his liabilities were approximately $29,000 (including the $4,000 judgment) and that the net value of his properties is approximately $7,000, we decline to enter an order awarding plaintiff an amount as a reasonable attorney fee incurred in prosecuting this appeal. We are of the opinion that under the facts this expense should be borne by plaintiff.

Affirmed.

DAVISON, C. J., and WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ. concur.