Cletus ROEMER, Plaintiff in Error,

v.

Dorothea ROEMER, Defendant in Error.

No. 39691.

Supreme Court of Oklahoma.

July 3, 1962.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiff in error.

Jim G. Graham, Tulsa, for defendant in error.

BERRY, Justice.

The parties, who appear here in reverse order to their appearance in the trial court, will be referred to herein as they appeared in said court.

On March 2, 1960, plaintiff instituted an action against defendant for a divorce, custody of their children, a son and a daughter, then of the respective ages of 9 and 12, child support, division of property, alimony, attorneys' fees and temporary relief in the nature of child support and alimony. The alleged grounds for divorce was incompatability.

Defendant subsequently filed an answer and cross-petition. In so far as material to the issues presented by this appeal he denied in his answer that plaintiff had grounds for divorce, and by cross-petition sought a divorce from plaintiff on the grounds of extreme cruelty, an equitable division of jointly-acquired property and custody of the parties' children.

Plaintiff filed an answer in which she denied the allegations of defendant's cross-petition.

Following trial of case to the court, judgment was entered granting each party a divorce on the ground of incompatability. Custody of the children was awarded to plaintiff, except for the periods December 26th to January 18th and June 10th to August 10th of each year until they reached majority, and defendant was ordered to pay $200.00 a month as child support during the period that plaintiff had custody of the children. Plaintiff was awarded the home of the parties, the furniture therein, an automobile and $12,000.00 as alimony payable in monthly installments of $200.00.

From order denying defendant's motion for new trial which was directed to the mentioned judgment, defendant perfected this appeal.

In support of his petition in error, defendant contends that under the evidence the trial court erred in awarding custody of the parties' son to plaintiff and in view of the amount of alimony and child support awarded, an excessive amount of jointly-acquired property was awarded plaintiff. The contentions so made are countered by plaintiff.

Defendant argues that undisputed and unrefuted evidence shows that it would be to the best interest of the son to award his custody to defendant. This argument is predicated largely upon the fact that a psychiatrist who examined both plaintiff and defendant, and who also made an investigation of facts bearing upon the welfare of the son if custody were granted to plaintiff or to defendant, concluded in a report which was introduced in evidence that "while both

parents are 'normal people' from a social and sociologic point of view; the emotional attitudes of the mother make it difficult for her to accept her son and give him the affection which he needs. The paternalistic pride of the father makes it quite possible for him to nurture the boy's emotional growth. I express these opinions with no wish to intrude upon the prerogatives of the court in deciding the issue of custody."

There is competent evidence tending to show that both plaintiff and defendant are fit and proper persons to have exclusive custody of their son and also competent evidence from which the trial court could properly have concluded, as it did, that it was to the best interest of the son that plaintiff be granted his custody during the major portion of the year. Therefore, the conclusion or opinion of the psychiatrist did not in fact stand undisputed nor unrefuted and grounds for, in effect, arguing that said conclusion or opinion is conclusive and binding upon the court does not exist.

■ It is settled law that in awarding custody of a minor child in a divorce action, the best interest of the child should be the paramount consideration of the court; that where it does not appear that the court has abused its discretion, this Court will not reverse. See Phillips v. Phillips, Okl., 267 P.2d 597, and Davis v. Davis, Okl., 355 P.2d 572 and cited cases.

■ Under the evidence, the trial court did not abuse its discretion in awarding to plaintiff custody of the parties' son during the major portion of the year.

The evidence bearing upon defendant's remaining contention relative to division of jointly-acquired property can be summarized thusly:

As of date of marriage, defendant's financial worth was nominal. As of date of divorce, the parties owned a home and the furniture therein. The value of the home was fixed at from $29,000.00 to $36,000.00. It was encumbered by a mortgage of approximately $16,500.00. The value of the furniture was estimated by one appraiser to be $12,000.00, another appraiser fixed the value at $3,500.00. The parties owned two automobiles—an Oldsmobile and a Cadillac. Defendant owned stock of the approximate value of $2,000.00. Defendant owned an interest in a producing oil and gas lease the value of which was apparently nominal. At the time this action was instituted, defendant had approximately $6,000.00 in cash.

■ In granting a divorce, the court is not required to divide jointly-acquired property equally between the parties but is given wide latitude in determining what part of such property shall be given to each party. See Shook v. Shook, Okl., 352 P.2d 376 and cited cases.

■ Under the evidence, the court did not err in awarding to plaintiff the home, furniture therein and the Oldsmobile automobile and to defendant the remainder of the property.

■ The plaintiff here seeks an allowance of additional attorney's fees in the amount of $2,500.00 and $76.90 as the cost of printing the brief that she caused to be filed herein.

The trial court directed the parties "to reach an amicable settlement agreement with regards to attorney's fees for plaintiff's attorney" who represented her below but who does not represent her here, and we assume that such an agreement was reached and that defendant complied with the agreement. The amount of the fee paid is not shown and for this and other reasons we decline to either allow or deny plaintiff's request for additional attorney fees. The trial court is, however, directed to consider said matter following receipt of the mandate that will issue herein and determine whether an additional fee should be allowed and if allowed, the amount thereof. As to the cost of printing a brief, it is ordered that said cost ($76.90) be taxed against defendant as a cost of this appeal.

For reasons stated, the judgment of the trial court is affirmed but with directions to

**58**

hear and consider plaintiff's application for allowance of additional attorney fees.

WILLIAMS, C. J., and JOHNSON, JACKSON, and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and WELCH, DAVISON and HALLEY, JJ., dissent.

HALLEY, Justice (dissenting).

In my opinion it would be for the best interest of Chris Roemer, the son of the parties, that his custody be placed in his father, Cletus Roemer. This boy needs a father. Reasonable periods of visitation with his mother could be worked out in the trial court. I dissent to the majority opinion which places the custody of the son with his mother.