**Lorene BREWSTER, Plaintiff in Error,**

**v.**

**Edwin L. BREWSTER, Defendant in Error.**
**No. 41295.**

Supreme Court of Oklahoma.
Oct. 4, 1966.

Robert H. Macy, Ada, for plaintiff in error.

Carloss Wadlington, Ada, for defendant in error.

IRWIN, Justice:

This case involves a divorce proceeding and plaintiff in error, hereinafter referred

to as plaintiff, challenges only that portion of the judgment concerning the division of jointly acquired property.

Plaintiff argues that the trial court is required by the terms of Title 12 O.S.1961, Sec. 1278, to effect a fair and equitable division of the property acquired during coverture by the joint industry of the parties and contends the trial court did not make such division as required by law.

Plaintiff and defendant were the only witnesses and the record discloses that each was awarded his or her automobile and a one-half interest in a tract of land consisting of two and one-half acres. Plaintiff has operated a beer tavern on leased property for three years and owns the equipment worth approximately $1,300.00 on a note executed for the equipment. Plaintiff was awarded this property and also a certain piece of property valued at approximately $9,000.00. This property has a $4,000.00 mortgage balance or an equity interest of approximately $5,000.00. The monthly rental income on this property provides the payments on the mortgage.

Defendant was awarded a beer tavern and residence known as the Four Mile House on which plaintiff placed a value of approximately $12,000.00. Defendant introduced evidence that the total cost or value of the land, plus the tavern and residence was approximately $4,000.00. Plaintiff argues that this property constitutes the bulk of their property and it being not readily divisible, she was entitled to a cash settlement equal to the difference in value of the property awarded.

In Murphy v. Murphy, Okl., 276 P.2d 920, we held:

"On granting a divorce to either the husband or wife the court is required by 12 O.S.1941, § 1278 to make a just, fair, and equitable division of the property acquired by the parties jointly during their marriage. In doing so the court is not required to divide the property equally between the parties, but is given a wide latitude in determining just what part of the jointly accumulated properties shall be given to each of the parties."

In Shook v. Shook, Okl., 352 P.2d 376, we held that in a divorce action the judgment of the trial court dividing the jointly acquired property under Title 12 O.S.1961, Sec. 1278, will not be disturbed on appeal unless it is contrary to the clear weight of the evidence. We find the trial court's judgment is not against the clear weight of the evidence.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.